[S. F. No. 2777.   Department Two.—January 21, 1903.]

## CITY STREET IMPROVEMENT COMPANY, Respondent, v. JOSEPH W. TAYLOR, Appellant.

Street Improvement—Gutterways—Resolution of Intention.—A resolution of intention to pave a street includes gutterways as part of the roadway of the street, and they need not be specified therein unless they are intended to be constructed differently from the rest of the street.

Id.—Granite Curbs—Exception—Jurisdiction—Reduction of Judgment.—In a resolution of intention to lay granite curbs where not already laid, on a certain part of a street, there is an exception of curbs already laid, which is beyond the jurisdiction of the board; and no appeal thereto is required. Where curbs were improperly assessed to a lot where they had been already laid a judgment foreclosing the assessment must be reduced by the amount so improperly assessed, with interest.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

D. H. Whittemore, for Appellant.

Gutterways are separated from paving and the material of which they are to be constructed must appear. (*Schwiesau* v. *Mahon,* 128 Cal. 114; *Fay* v. *Reed,* 128 Cal. 357; *Partridge* v. *Lucas,* 99 Cal. 519.) The board had no jurisdiction to assess a lot for curbing already done. (*Fay* v. *Reed,* 128 Cal. 357.)

Bishop & Wheeler, for Respondent.

The assessment for curbs is valid and binding. It was the duty of the property-owner to appeal to the board, which had jurisdiction, whether or not the curbs had been already constructed in front of his property. (*Blair* v. *Luning,* 76 Cal. 134, 135, 136; *McDonald* v. *Conniff,* 99 Cal. 386, 388, 389; *Perine* v. *Erzgraber,* 102 Cal. 234, 238; *Williams* v. *Bergin,* 116 Cal. 56, 59.) Where any sum is included in an assessment which ought not to be included for any reason, the remedy is by appeal to the board of supervisors, or city council. (*Himmelmann* v. *Hoadley,* 44 Cal. 276, 279; *Frick* v. *Morford,* 87 Cal. 576; *Perine* v. *Forbush,* 97 Cal. 305, 312, 313; *Fanning* v. *Leviston,* 93 Cal. 186, 188; *Dowling* v. *Conniff,* 103 Cal. 75, 77, 78; *Wells* v. *Wood,* 114 Cal. 255, 257.) The resolution of intention includes gutterways of the same material, and appellant cannot complain of an assessment which accords with the resolution.

SMITH, C.—This is an appeal from a judgment in favor of the plaintiff, in a suit for the foreclosure of a street-assessment lien. The work to be done, which is in San Francisco, is described in the notice of intention as follows: "That granite curbs be laid where not already laid on Perry Street between Third Street and the northwestern termination of Perry Street, and that the roadway of said portion of Perry Street be paved with basalt blocks where not already paved." At the time of the passage of the resolution—as appears from the pleadings and findings—granite curbs had already been constructed in front of the defendant's property; and it also appears "that the specifications for said paving required gutterways, and a concrete foundation for said gutterways."

It is also alleged in the answer that no curbs were constructed in front of defendant's lot by the plaintiff, and that the specifications required a concrete foundation, not only for the gutterways, but for the street generally. The grounds urged by the defendant in support of his appeal are, that, under the resolution of intention, the superintendent of streets had no jurisdiction to assess the defendant's lot for curbs or for gutterways; and that, as the assessment for the latter cannot be segregated from the assessment for paving the street, the whole assessment is void.

With regard to the gutterways, the objection is, we think, untenable. These, properly speaking, constitute part of the roadway of the street, and hence there is no occasion to distinguish them, unless the intention be that they are to be constructed differently from the rest of the street. (*Partridge* v. *Lucas,* 99 Cal. 519.) In *Beaudry* v. *Valdez,* 32 Cal. 276, it was indeed held that *"macadamizing"* does not include *"curbing,"* and language is used seeming to imply that the naming of the various kinds of works specified, such as the words in question, indicates that the different terms used are exclusive of each other, which with regard to "macadamizing" and "curbing" is sufficiently clear. But there is nothing in the language of the act to indicate an intention to alter the received and proper meaning of the words used (Civ. Code, sec. 13); and in the case of *Partridge* v. *Lucas,* cited above, the rule is limited, in the case of gutters, to cases where they are to be constructed in a manner "different from the ordinary work of macadamizing the surface of the street."

With regard to the curbing, however, it is clear that the board acquired no jurisdiction to order the work in front of defendant's lot, which by the express terms of the order is excluded. Still less could the street superintendent, without such an order, have jurisdiction to do so. To hold otherwise would be in effect to hold that a resolution of intention to lay curbs on a street where not already laid is in effect a resolution to lay curbs along the whole street, except where the street superintendent shall determine otherwise, thus delegating to him the power to determine the work to be done, which it is well settled the board cannot do. (*Bolton* v. *Gilleran,* 105 Cal. 244,[1] and authorities cited, 247-248; *Fay* v. *Reed,*

[1] 45 Am. St. Rep. 33.

128 Cal. 357.) Nor was the defect in the assessment one that could be rectified by an appeal to the board or cured by a failure to appeal. (*De Haven* v. *Berendes,* 135 Cal. 179, and authorities cited, 181-182.) The defendant's lot was therefore improperly assessed for curbing, and the judgment must be reduced by the amount thus assessed, found by the court to be $23.75, and by a corresponding reduction of interest.

We advise that the cause be remanded, with instructions to the court below to modify the judgment as above stated, and that the judgment, as thus modified, stand affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded, with instructions to the court below to modify the judgment as above stated, and the judgment, as thus modified, is affirmed.

McFarland, J., Henshaw, J., Lorigan, J.