BOARD OF IMPROVEMENT OF PAVING DISTRICT NO. 7 OF CITY

OF FORT SMITH *v.* BRUN.

Opinion delivered October 7, 1912.

1. MUNICIPAL CORPORATIONS—POWERS OF IMPROVEMENT DISTRICTS.—A board of improvement is authorized to form plans for making the improvement, and to do everything that is necessary and incident thereto; and, when the power of the board is not specifically limited by the petition and ordinance, it may exercise its own discretion in doing those things which are necessarily incident to the construction of the improvement asked for. (Page 67.)

2. SAME—IMPROVEMENT DISTRICT—VARIANCE.—In determining whether there is a material variance between an improvement asked for and one which the board of improvement plans to construct, the cost of the proposed improvement is an important element. (Page 69.)

3. SAME—PAVING DISTRICT—POWERS.—The power given to an improvement district to pave a certain street includes the power to furnish and to do all that is necessary, usual or fit for paving, including the construction of the improvement in a way that will also successfully drain the street. (Page 69.)

4. SAME—PAVING DISTRICT—STORM SEWERS.—A complaint which seeks to enjoin an improvement district authorized generally to pave a certain street from constructing underground storm sewers to carry off the surface waters is demurrable where it fails to allege that the surface waters can be as successfully carried off by gutters and that the cost of construction of such underground drainage is so great, in comparison with the cost of such gutters, as to make this part of the improvement a material variance from the improvement designated in the petition and ordinance. (Page 71.)

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; reversed.

*Pryor & Miles,* for appellant.

The improvement district having been duly and legally constituted for the purpose of paving the street, all things necessary to construct an adequate pavement are incident to the power conferred to pave. An adequate provision for the proper drainage of the street is necessary for its maintenance in good condition after the pavement is put down, and the power to provide for such drain is embraced in, and therefore incident to, the original power to pave. Whether the drainage shall be effected by meant of surface gutters, or by sewers under the surface, is a matter which, especially in a populous city, should be left to the judgment and sound discretion of the board of improvement. 20 Ia. 287; 119 Ill. 509; 28 Conn. 363; 41 N. E. 374.

FRAUENTHAL, J. This is an action to enjoin the board of improvement of a paving district organized in the city of Fort Smith from expending the money of said district in constructing a system of underground drainage or storm sewers therein. The plaintiff is an owner of real property situated in the improvement district, and in his complaint it is alleged that, in pursuance of the petition of a requisite number of owners of real property to be affected thereby, the city council had regularly passed an ordinance creating and establishing an improvement district known as Paving District No. 7 in the city of Fort Smith. According to the said petition and ordinance, said improvement district was organized for the purpose of "paving Garrison Avenue from the northwest side of First Street to the southeast side of Thirteenth Street from curb to curb on said avenue, and to the inside of the sidewalk on all cross streets and alleys between said First Street and Thirteenth Street, save and except that part of the said street to be paved by the Fort Smith Light & Traction Company."

The complaint further alleged "that the water falling on said Garrison Avenue has in the past been drained into gutters and carried along the length of said Garrison Avenue in said gutters on the surface from Sixth Street; that in the repaving of said Garrison Avenue the Board of Improvement, Paving

District No. 7, above referred to, has planned, and is now con-
structing, a system of underground drainage or storm sewer
under the proposed paving of Garrison Avenue to take care of
and carry off this surface water which falls on Garrison
Avenue; that this contemplated storm sewer or system of
underdrainage on Garrison Avenue will have a catch basin
at the corner of each block, and water will be immediately
taken into this storm sewer or system of underdrainage
and carried along under said pavement to points on or near
to Garrison Avenue, where it will flow into other storm sew-
ers of the city of Fort Smith, thence into the Arkansas
River."

It is alleged in the complaint that the power to take care
of surface water is not incident to the power given to said
board of improvement to pave said street. The complaint
concludes with a prayer that the board of improvement "be
perpetually enjoined and restrained from using the money
raised by taxation to repave Garrison Avenue in building and
establishing the above referred to system of underdrainage."

To this complaint the defendants interposed a general
demurrer, which was overruled, and, the defendants refusing
to plead further, a decree was entered in accordance with the
prayer of said complaint. From this decree the board of im-
provement has appealed to this court.

It thus appears from the allegations of the complaint that
the improvement district was organized and created in due
compliance with all the statutory requirements. No claim
is made that the board of improvement of said district did
not have full power to undertake and make the improvement
asked for in the petition and named in the ordinance creating
the district. The improvement asked for was to pave Gar-
son Avenue from curb to curb; and the sole question for our
determination is whether the board of improvement, in form-
ing the plans for making said improvement, had the power to
undertake and construct a system of underground drainage
or storm sewers for the purpose of taking care of the surface
water thereon and draining said street.

The statutes of this State provide a procedure for the
formation of improvement districts in cities and towns, and
prescribe that the petition of the property owners shall "desig-

nate the nature of the improvement to be undertaken" (Kirby's Digest § 5667). Thereafter, a board of improvement, consisting of three persons, is appointed by the municipal council, which "is required to form plans for the improvement within their district as prayed in the petition" (Kirby's Digest § 5672). The nature of the improvement to be undertaken is fixed, therefore, by the petition and the ordinance, and the board of improvement derives its powers solely therefrom. It has the power to do all those things necessary to carry out the purposes of the organization of the improvement district, as set forth in the petition and ordinance.

In the case of *McDonnell* v. *Improvement District*, 97 Ark. 334, it was held that the statute does not require the petition to make particular specifications of the things to be done in order to make the improvement. In that case it is said that "all that is required is that the nature of the improvement be specified in general terms, so that the purpose of the organization may be set forth in the proceedings. Much must, of course, be left to the discretion of the commissioners in forming the plans for the improvement and making the estimate of the cost thereof." The board of improvement can not, however, substitute for the improvement named in and authorized by the petition and ordinance an entirely different and more expensive improvement. The nature and character of the improvement which it is authorized to form plans for and to make is prescribed by the petition and the ordinance passed in pursuance thereof. *Watkins* v. *Griffith*, 59 Ark. 345.

The board, however, has full power and authority to form the plans for making the improvement and to do everything that is necessary and incident thereto. The nature and purpose of the organization is fixed by the petition and ordinance, and, when the power of the board is not therein specifically limited, it may exercise its own discretion in doing those things which are necessarily incident to the construction of the improvement asked for. But it has not the power to form plans for constructing an improvement which varies materially from that asked for in the petition and authorized by the ordinance.

In the case of *Kraft* v. *Smothers*, 103 Ark. 269, the power of the board of an improvement district to construct a certain improvement was attacked upon the ground that

the improvement planned by the board varied materially from that asked for in the petition. In the petition the property owners asked for an improvement "for the purpose of building a sewer system therein and making proper connection of the same into a system of septic tanks." The plans for the improvement adopted by the board under the ordinance establishing the district provided for constructing a sewer system, for making connection into a system of septic tanks and conducting the effluent through standard sewer pipes into the Fourche River. In that case the court held that the improvement planned varied materially from that asked for because it would greatly enlarge the cost of construction, as well as change the character and extent of said improvement. The court said: "It would impose upon the property owners of the proposed district an enlarged burden which was not contemplated by the petitioners, and which could not have been reasonably anticipated by the property owners from the language of the petition." On this account it was held that the board did not have the power to make the improvement as planned by it.

The cost of the improvement is assessed and charged upon the real property situated in the district; and when the property owners by petition ask for the formation of a district and designate the nature of the improvement, it will be presumed that they understand its probable cost and contemplate that the burdens of such cost only will be imposed upon them. The cost of the improvement is therefore an important element in determining the extent and character of the improvement authorized by the petition and ordinance, and whether or not there is a material variance between the improvement asked and that which the board plans to construct.

In the present case, according to the allegations of the complaint, the improvement district was organized for the purpose of paving Garrison Avenue, a public street in the city of Fort Smith, a city of the first class. The purpose of the organization was therefore to construct upon this street a compact, hard surface or covering so as to make it convenient for travel. To do this it was necessary not only to cover the street with stone or brick, or other substance used for paving purposes, but it was also necessary to place the street in proper

condition to receive the paving material and also to provide for its proper drainage. To carry out this purpose of the organization, it was necessary to do all that is usual or fit for paving a street.

In Hamilton on the Law of Special Assessments, it is said: "Where authority is given by charter to 'pave' streets, it is generally understood and held to include the power to macadamize them and to provide for their proper drainage by the construction of gutters, and to do all that is necessary, usual or fit for pavings."

In the case of *Warren* v. *Healy*, 31 Ia. 31, it is said that the term "pave" will apply to include the construction of gutters. In making streets, it is necessary to construct them so that by proper drainage the water will be carried away.

In 2 Page & Jones on Taxation. § 869, it is said that an order for paving a street has been held to include curbing and guttering necessary for drainage. See also *Spokane* v. *Brown*, 8 Wash. 317; *Sawyer* v. *Chicago*, 183 Ill. 57; *City Street Improvement Company* v. *Taylor*, 138 Cal. 364; *Murphy* v. *Peoria*, 119 Ill. 509; *Cone* v. *Hartford*, 28 Conn. 363; *Kirkland* v. *Board of Public Works*, (Ind.) 41 N. E. 374.

It will thus be seen that the power given to pave a street includes the power to furnish and to do all that is necessary, usual or fit for paving, and that this necessarily includes the construction of the improvement in a way that will also successfully drain such street. It is true that, when one improvement is authorized, an entirely distinct and separate improvement can not be undertaken under such authorization. If the construction of a pavement is authorized, a sewerage improvement can not be undertaken. The two are distinct and separate, and are not necessarily incident to each other. The right, however, to deal with a public improvement as a whole must be determined by the unity of the work. If the various parts of the work are incident to the nature of the improvement authorized, then they are not separate and distinct improvements, though they may have different names. If the improvement of a street is authorized, and to make such improvement it is necessary to grade, macadamize and curb the street, the work undertaken is in fact but one improvement, although parts of the work are called by different names. The

manifest purpose of paving a street is to make the street fit
for convenient and safe travel.  To do this, it is not only nec-
essary to cover it with some hard material, but it is also neces-
sary to provide for its drainage.    It is essential  in  making
a paving improvement that means should be provided for
carrying off the water falling on the surface of such street in
order to make it fit for convenient and safe travel.   This prob-
ably can be done, and ordinarily is done by gutters which carry
the waters upon the surface of the street.  But it can also be
done by storm sewers, which carry the water underneath the
surface thereof.  If the petition and ordinance do not limit the
powers of the members of the board of improvement in form-
ing the plans for making the improvement, then they have
the power to exercise their own discretion as to the manner in
which the improvement shall be made.  It is only when the
board of improvement undertakes a work not incident to the
improvement asked for that it can be said that it has exceeded
its powers when the exercise thereof is not limited by the
petition or ordinance.  As above seen, it is well settled that
the power to pave a street also carries with it the power to
drain such street.  It may be, on account of the physical con-
ditions, that it is not practicable to successfully drain a street
by carrying off the water in gutters on the surface.  It may
be that the street is so located that this could be more suc-
essfully done by a system of undergouund drainage or storm
sewers.  Under such circumstances, a storm sewer would not
be a different or separate improvement, like the construction
of an ordinary sewer, but would be a part of the work neces-
sarily incident to paving the street, so that the object of fur-
nishing a convenient, dry and safe surface for travel may be
accomplished.  The members of the board of improvement are
officers to whom is confided the power to form plans for the im-
provement, and in carrying out the work it must be presumed
that they have exercised their discretion within the powers
confided to them.  It can not be said as a matter of law that
they have exceeded their powers under the authority given to
them to pave a street by providing that the surface waters
shall be carried off by underground drainage, instead of by
gutters.  This is the extent of the allegations made in the com-
plaint.  It is not alleged in the complaint that, as now paved,

or as the pavement is contemplated to be constructed, the surface waters can be as successfully or conveniently carried off by gutters as by storm sewers, or that the cost of the underground drainage is so great that the construction thereof would be a material variance from the improvement asked for by the petition and authorized by the ordinance. The mere allegation that storm sewers are not incident to a pavement improvement is not sufficient to show that its construction is unauthorized. The power to pave a street may include the power to construct drainage thereunder, and it will be considered to be incident thereto when exercised by a board of improvement unless it is alleged and proved that the surface waters can be as successfully carried off by gutters, and also that the cost of construction of such underground drainage is so great, in comparison with the cost of such gutters, as to make this part of the improvement a material variance from the improvement designated in the petition and ordinance.

It follows that the complaint does not allege facts sufficient to warrant the injunction granted, and that the court erred in overruling the demurrer thereto. The decree is reversed, and this cause is remanded with directions to sustain the demurrer, with permission given to the plaintiff to amend his complaint if he is so advised, and for further proceedings not inconsistent with this opinion.