## BOTTRELL v. HOLLIPETER.

### Opinion delivered July 8, 1918.

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—LIMITATION OF COST.
—Two distinct improvement districts, coterminous in extent, may be organized, the one for the purpose of grading and paving certain streets in a town and the other for the purpose of curbing, guttering and storm-sewering the same streets, although the combined cost of the two improvements exceeds 20 per cent. of the value of the real property within the district.

Appeal from Mississippi Chancery Court; *Archer Wheatley,* Chancellor; affirmed.

### STATEMENT OF FACTS.

The appellant brought this action against the appellees, who were commissioners of Street Improvement District No. 1, and of Storm-sewer, Curbing and Guttering District No. 1, of the city of Blytheville, Ark. He alleged that he was the owner of the real property situated within the districts; that the two districts were coter-

minous and embraced a portion of the city of Blytheville; that Street Improvement District No. 1 was created for the purpose of grading and paving certain streets and that Storm-sewer District No. 1 was created for the purpose of curbing, guttering and storm-sewering the same streets; that the improvements were in fact but one improvement, the guttering being a portion of the street and the curbing being an essential part of the pavement, while the storm-sewers were required to carry off the rain water which would fall upon the paved streets; that the organization of the two districts for the purpose of making the one improvement was in violation of the law; that the cost of the improvement would be in excess of 20 per cent. of the value of the real property within the districts. And appellant prayed that appellees be enjoined from issuing bonds and from proceeding with the work of improvement.

The appellees answered denying that the improvements contemplated were essentially one improvement; they alleged that storm-sewers are not an essential part of the pavement, but that they are separate; that the pavement could be made without the storm-sewer, but that, on account of the flat configuration of the city of Blytheville, the water would stand upon the street unless there were storm-sewers to carry it off; that the curbing is no part of the pavement, as the pavement would be as useful without it; that the guttering is an essential part of the storm-sewer and no part of the pavement; that the guttering and storm-sewers are beneficial and necessary to the adjoining property owners, enabling them to drain off the rain water falling upon their lots; that without these storm-sewers the water would accumulate and does so to the great inconvenience, detriment to the health and welfare of the public.

Appellees demurred to the complaint and appellant demurred to the answer and the court sustained the demurrer to the complaint and overruled the demurrer to the answer. Appellant declined to plead fur-

ther and a judgment was entered dismissing the com-
plaint from which is this appeal.

*Rose, Hemingway, Cantrell, Loughborough & Miles,*
for appellant.

The two districts constitute only a single improve-
ment district and the double assessment is in direct vio-
lation of law.   Hamilton on Assessments, § 545; 75 N. Y.
354; 105 Ark. 65; 115 *Id.* 88-95.

*Little, Lasley & Adams,* for appellees.

There were two separate and distinct districts, one
for paving and the other for curbing and guttering and
storm-sewers.    102 Ark. 306; 87 *Id.* 85; 80 Pac. 114; 96
S. W. 702; 28 *Id.* 776.

WOOD, J., (after stating the facts).   The complaint
and answer disclosed the fact that a majority of the
owners of real property within the districts created de-
sired to pave the streets within said districts, and also
desired to build storm-sewers, curbs and gutters; that
if the work were undertaken by one improvement dis-
trict and were therefore considered as a single improve-
ment, the cost of same would exceed 20 per cent. of the
value of the real property in the district, as shown by
the last county assessment, and would therefore be in
violation of section 5683 of Kirby's Digest, which pro-
vides that: "No single improvement shall be undertaken
which alone will exceed in cost twenty per centum of the
value of the real property in such district, as shown by
the last county assessment."

The ruling of the court, therefore, on the demurrer
to the complaint and answer presents the issue as to
whether or not two separate improvement districts could
be created—the one for the purpose of grading and pav-
ing certain streets and the other for the purpose of curb-
ing, guttering and storm-sewering the same streets.

Property owners may elect to include different im-
provements that are entirely dissimilar in character into
one improvement district.   When the improvements are

thus undertaken by one improvement district, they must be treated as a single improvement and their cost, considered as a single project, must be brought within the statutory limit for a single improvement. *Wilson* v. *Blanks,* 95 Ark. 496; *Bateman* v. *Board of Commissioners Improvement District No.* 1 *of Clarendon,* 102 Ark. 306.

But, it does not follow conversely from these decisions that the statute authorizes the creation of more than one district for the purpose of making what is in fact but a single improvement. In other words, under the above decisions, more than one and different improvements can be united and treated as but one and undertaken by the creation of an improvement district for that purpose. But on the other hand, where there is really but one improvement, it can not be divided into separate parts and improvement districts created for the completion of the work of these separate parts. This, as we construe it, would be a palpable evasion, and in violation of the statute which is intended to limit the cost of any one or single improvement to 20 per cent. of the assessed value of the real property in the district where the improvement is contemplated. See *Harnwell* v. *White,* 115 Ark. 95.

In the case of *Board of Improvement Paving District No.* 7, *Fort Smith* v. *Brun,* 105 Ark. 65, we held that, ''The power given to an improvement district to pave a certain street, included the power to furnish and to do all that is necessary, usual or fit for paving, including the construction of the improvement in a way that will also successfully drain the street.'' That case shows that where the commissioners are not specifically limited or restrained by the petition for, and the ordinance creating the district, under the power to pave it would be within the discretion of the board to construct curbing, gutters and even storm-sewers in the absence of the allegations showing such curbing or guttering or storm-sewers were not necessarily incident to the construction of the improvement contemplated.

In that case it was alleged in the petition seeking to restrain the commissioners from making the improvement, that the ordinance creating the district contemplated the paving of Garrison avenue in the city of Fort Smith and that the commissioners were undertaking, as a part of such paving, to construct storm-sewers. The contention of the petitioners was that the construction of the storm-sewers, or underground drainage system, was not within the power conferred upon the commissioners to pave the street. In answer to the contention we said: ''It can not be said as a matter of law that they (the commissioners) have exceeded their powers under the authority given them of paving the streets by providing that the surface waters shall be carried off by underground drainage, instead of by gutters. This is the extent of the allegations made in the complaint. * * * The mere allegation that storm-sewers are not incident to a pavement improvement is not sufficient to show that its construction is unauthorized. The power to pave a street may include the power to construct drainage thereunder, and it will be considered incident thereto when exercised by the board of improvement, unless it is alleged and proved that the surface waters can be as successfully carried off by gutters.''

Appellant cites and relies upon the case of *Improvement District* v. *Brun, supra,* as authority for his contention, that the districts herein challenged were created to complete what was in fact but a single improvement. The case does not support appellant's contention. There was no allegation that the underground drainage was unnecessary and not incident to the work of paving. But here the allegations of fact in the answer are that ''the storm-sewers are not an essential part of the pavement but are entirely separate.'' That ''the pavement could be made without the storm-sewer.'' * * * That ''the curbing is no part of the paving, * * * nor is the gutter an essential part of the pavement.'' These allegations were properly pleaded and the demurrer to the an-

swer admitted the truth of them. Moreover, in the case of the *Board of Commissioners* v. *Brun, supra,* only one improvement district was created and the work of paving and storm-sewering, which was held to be incident thereto, was being done as a single improvement; and, as we have already seen, no matter how dissimilar the improvements may be, if undertaken by the creation of one district and as a single improvement, the same will be valid, unless the cost thereof exceeds the statutory limit. While the power to pave will apply to and include the cost of curbing and guttering, where the latter are necessary and incident to the paving, as shown in the case. of *Commissioners* v. *Brun, supra,* and the cases therein cited, and while curbing and guttering, even though not necessarily incident to the paving may be very appropriately included in an improvement district for paving, yet it is easy to see that they are not convertible terms and do not necessarily include each other and therefore constitute a single improvement.

The petition of the property owners for, and the ordinance pursuant thereto creating the two districts, are at least *prima facie* evidence that the petitioners and the town council considered that the improvements provided for did not constitute a "single" improvement, as designated in the statute. The facts stated in the answer and admitted by the demurrer of appellant to be true show that they were not essentially one improvement.

The case of *Harnwell* v. *White, supra,* also relied upon by appellant is not applicable here, for the reason that an improvement district was created upon the petition of property owners for the purpose of grading, curbing, guttering and macadamizing the streets within the town of Pulaski Heights. After the creation of the district commissioners were appointed, they reported that the improvements could not be constructed at a cost within the statutory limits. Thereupon the council undertook to create four separate improvement districts for doing the different parts of the work upon the original petition.

We held, under those circumstances, that the ordinances for the establishment of the different districts were without authority and therefore void.

The ruling of the court was correct and its decree dismissing appellant's complaint is therefore affirmed.

HART and SMITH, JJ., dissenting.