BAIRD *v.* STREET PAVING IMPROVEMENT DISTRICT No. 1.

Opinion delivered April 11, 1921.

1. MUNICIPAL CORPORATIONS—PETITION FOR IMPROVEMENT DISTRICT.— A petition for the organization of an improvement district in a city or town need state the nature of the improvement only in general terms, and therefore a petition describing the improvement as macadamizing, grading, graveling, paving, curbing or guttering the streets mentioned was sufficient.

2. MUNICIPAL CORPORATIONS—PETITION FOR IMPROVEMENT DISTRICT.— A preliminary petition for a street improvement district which authorizes the improvement to be made with such material as may be determined, for the purpose of macadamizing or graveling the designated streets, contemplates material of the general character used in macadamizing or graveling streets.

3. MUNICIPAL CORPORATIONS—PETITION FOR IMPROVEMENT DISTRICT.— A petition for a street improvement may ask for a macadamized or graveled street with curbs and gutters as a single improvement.

Appeal from Conway Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

*J. W. Johnston,* for appellant.

The description of the improvement to be made, all of which are set out in the complaint, is too indefinite and uncertain, hence void, and the court erred in sustain-

ing defendant's demurrer to the complaint. 118 Ark. 119; 115 *Id.* 594; 59 *Id.* 344; 116 *Id.* 167; 130 *Id.* 44.

*Strait & Strait,* for appellee.

There is no uncertainty of description in the contemplated improvements. They are correctly and fully enumerated, and the descriptions sufficient, and the court properly sustained appellee's demurrer. 105 Ark. 68; 59 *Id.* 344; 103 *Id.* 269; 97 *Id.* 334. See, also, 31 Iowa 31; 2 Page & Jones on Taxation, 869; 8 Wash. 317; 183 Ill. 57; 138 Cal. 364; 119 Ill. 509; 28 Conn. 363; 41 N. E. 374; 115 Ark. 94; 135 *Id.* 317; 95 *Id.* 496; 102 *Id.* 306. A general description is sufficient.

HUMPHREYS, J. This is an appeal from a decree of the Conway Chancery Court, sustaining the sufficiency of the proceedings establishing Street Paving Improvement District No. 1 of Morrilton, Arkansas.

Appellant, a property owner of the district, attacked the validity thereof on the ground that the petitions for the organization of, and the ordinances creating and establishing the district, failed to certainly and definitely describe the improvements to be made.

The preliminary petition, required by section 5649 of Crawford & Moses' Digest, described the improvements contemplated, as follows: "The said improvement district as above described to be organized for the purpose of macadamizing, grading, graveling, paving, curbing, guttering or improving with such material as may be determined."

The petition for the establishment and organization of the district under section 5652 of Crawford & Moses' Digest described the improvements to be made as follows: "We respectfully petition and ask that the following improvements contemplated be made in said district, of the nature, kind and character, towit: Macadamizing, grading, graveling, paving, curbing, guttering or improving in such a manner and form as provided and shown by the estimates, plans and specifications prepared

and on file be made and constructed on the following streets.''

The ordinance passed by the city council creating the district and fixing the boundaries thereof provided that the improvements to be made should be ''grading, graveling and macadamizing, surfacing, paving, curbing or guttering the streets therein mentioned.''

This court ruled, in the case of *McDonnell* v. *Improvement Dist. No. 145, Little Rock,* 97 Ark. 334, that the petitions provided for in sections 5649 and 5652 of Crawford & Moses' Digest for the organization of improvement districts in incorporated towns and cities need not make particular specifications of the things to be done in order to make the improvements. It was said in that case: ''All that is required is that the nature of the improvement be specified in general terms, so that the purpose of the organization may be set forth in the proceedings. Much must, of course, be left to the discretion of the commissioners in forming the plans for the improvement and making the estimates of the cost thereof.'' The ruling in that case was reaffirmed in *Board of Improvement of Paving Dist. No. 7 of City of Fort Smith* v. *Brun,* 105 Ark. 65. Under the ruling in those cases, the description in the petitions now before us described the proposed improvements with sufficient certainty and definiteness. The petitions and ordinances provide for paving the streets described, by macadamizing or graveling them, as well as for curbing and guttering said streets. It is true that the petitions contain a provision authorizing the improvement to be made with such material as may be determined, but that necessarily means material of the general character used in macadamizing or graveling streets. Appellant makes the further specific contention that, under the descriptive language used, it is impossible to determine whether all improvements therein designated are to be made, or, if not all, what particular improvements so enumerated shall be made. We understand the language to mean that the board of improvement shall either macadamize

or gravel the streets, one or the other. We also under-stand the descriptive language to mean that, in addition to paving proper, the streets shall be curbed and gut-tered; so the paving, curbing and guttering constitute a single improvement. This court said in the case of *Board of Improvement of Paving Dist. No. 7 of City of Fort Smith* v. *Brun,* 105 Ark. 65, that, "If the improve-ment of the street is authorized, and to make such im-provement it is necessary to grade, macadamize and curb the street, the work undertaken is in fact but one im-provement, although parts of the work are called by dif-ferent names." The property owners in the petition be-fore us have clearly elected to pave the streets described by graveling or macadamizing them, as well as to curb and gutter said streets by the creation of one district. This they had a right to do, under the ruling announced in *Bottrell* v. *Hollipeter,* 135 Ark. 315, and in other cases of this court cited therein.

No error appearing, the decree is affirmed.