Johnson v. Hamlen.

Opinion delivered May 23, 1921.

1.  Municipal corporations—improvement districts—separate improvements.—Where plaintiff alleged that two separate improvement districts had been created to pave certain streets, and to grade, drain, curb and gutter the same streets, the two districts having the same boundaries, it was not error to overrule a demurrer to the answer of the commissioners of the two districts alleging that the two improvements were distinct, that either improvement could be done without the other, and that the cost of neither district would exceed 20 per cent. of the assessed value of the lands in the district.

2. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICTS—BOUNDARIES. A mistake in the last call in the description of the boundaries of an improvement district, in publication of the ordinances creating the district, reading "firty-one degrees west," where it should have read "forty-one degrees west," was immaterial where the call was from one known point to another known point, and a line drawn between these points completed the boundary.

Appeal from Pulaski Chancery Court; *J. E. Martineau*, Chancellor; affirmed.

*S. L. White*, for appellants.

The two districts constitute only a single district, and the double assessment is in direct violation of the law and void. The boundaries of the two districts are coterminous and identical. 105 Ark. 65. The improvement district undertaken exceeds the 20 per cent. cost and is invalid. C. & M. Digest, § 5666; 135 Ark. 315; 115 *Id.* 95. The grading, curbing, guttering and paving are for one improvement district, and there is no authority under our law for splitting the district into two districts, and district 275 is void because there was not a real copy of the ordinance published as required by law.

*Wallace Townsend*, for appellees.

1. The case presented here is identical and settled by 135 Ark. 315.

2. District No. 275 is not void because of a misprint in the publication of the ordinance. 104 Ark. 298. Any mistake was cured by a perfect description in another part of the ordinance. Read as a whole, there is no reasonable doubt as to the property included in the district. The errors are merely typographical and do not confuse or mislead any one and can not be regarded as material. The publication fully complies with the object of such publication and enables property owners to ascertain what property is included in the district and is void.

SMITH, J. The complaint in this cause contained the following allegations: That appellees constituted the board of improvement for Street Improvement Districts Nos. 274 and 275 of Little Rock; and that appellants,

who were the plaintiffs below, are owners of real property within the boundaries of each of said districts. That said district No. 274 was created for the purpose of grading, draining, curbing and guttering certain streets, more particularly described in the ordinance creating same. That district No. 275 was established on the same day for the purpose of paving the same streets. That the petitions for the two districts were circulated at the same time, were signed by the same petitioners, and were a part of the same movement for the improvement. That the boundaries of the districts were identical and coterminous, and that the streets to be graded, drained, curbed and guttered in district 274 were the identical streets to be paved in district 275, and that both districts were created for but one improvement, the grading, etc., being a portion of the street and an essential part of the paving; that the paving could not be done except without the grading, draining, curbing and guttering; that the organization of the two districts for the one improvement was in violation of the law; that the cost of the improvement would be in excess of twenty per cent. of the value of the real estate within the boundaries of the district.

It was further alleged that the ordinance creating district 275, as passed by the city council, correctly described a portion of the district as "thence north forty-one degrees west fifty feet to point of beginning," but in the publication of the ordinance in the newspaper said portion of the district is erroneously described in the preamble to section 1 as "thence north north firty-one degrees west fifty feet to point of beginning," and was erroneously described in section 1 of the ordinance as "thence north forty-one degrees west fifty feet to point of beginning."

The complaint further alleged that the law required the city clerk to publish the ordinance in some newspaper within twenty days; but the notice published was no notice, as one could not ascertain the boundaries of the district on account of the error in description set out above.

The commissioners answered, and denied that the improvements contemplated were in their nature essentially a single improvement. They alleged that the streets could be graded, drained, curbed and guttered, and it would be one complete improvement. That the second district provided for the paving, which was in itself a complete improvement; and that either improvement could be done without the other, and that the cost of neither district would exceed twenty per cent. of the value of the land in the district.

A demurrer to this answer was overruled, and the plaintiffs have appealed.

On the question of the identity of the improvement, the case is controlled by the case of *Bottrell* v. *Hollipeter,* 135 Ark. 315. The question here raised was there decided, and the question arose in that case, as in this, on demurrer.

It was contended in the case of *Bottrell* v. *Hollipeter, supra,* that the opinion of this court in the case of *Board of Improvement* v. *Brun,* 105 Ark. 65, was controlling, and that therefore the separate districts petitioned for could not be organized. But the court distinguished the cases on the facts and said: "Appellant cites and relies upon the case of *Improvement District* v. *Brun, supra,* as authority for his contention, that the districts herein challenged were created to complete what was in fact but a single improvement. The case does not support appellant's contention. There was no allegation that the underground drainage was unnecessary and not incident to the work of paving. But here the allegations of fact in the answer are that 'the storm-sewers are not an essential part of the pavement but are entirely separate.' That 'the pavement could be made without the storm-sewer.' * * * That 'the curbing is no part of the paving, * * * nor is the gutter an essential part of the pavement.' These allegations were properly pleaded, and the demurrer to the answer admitted the truth of them. * * *

"The petition of the property owners for, and the ordinance pursuant thereto creating, the two districts are

at least *prima facie* evidence that the petitioners and the town council considered that the improvements provided for did not constitute a 'single' improvement, as designated in the statute. The facts stated in the answer and admitted by the demurrer of appellant to be true show that they were not essentially one improvement.''

The objection to the description is not well taken. The description complained of began at a fixed known point, and was given to another known point, which was fifty feet from the point of beginning. This last call in the description—the one complained of—should have read, ''Thence north forty-one degrees west fifty feet to point of beginning.'' Instead it read, ''Thence north north firty-one degrees west fifty feet to point of beginning.'' This discrepancy is unimportant. As we have said, the last call was from one known point to another known point, and a line drawn between those two points completed the boundary. This last boundary line was only fifty feet in length, and any discrepancy in the notice as published as to the number of degrees west of north which this line would run in connecting the two fixed points is immaterial, as both course and distance yield to fixed monuments in land surveying. *Doe* v. *Porter,* 3 Ark. 18; *Harrell* v. *Hill,* 19 Ark. 102; *Brown* v. *Hardin,* 21 Ark. 324; *Chapman & Dewey Lbr. Co.* v. *Levee Dist.,* 100 Ark. 94; *Scott* v. *Dunkel Box & Lbr. Co.,* 106 Ark. 83; *Paschal* v. *Swepston,* 120 Ark. 230.

Decree affirmed.