WELLS *v.* STREET IMPROVEMENT DISTRICT No. 31 OF NORTH LITTLE ROCK.

Opinion delivered June 15, 1925.

MUNICIPAL CORPORATION—DISTRICT TO GRADE AND PAVE STREETS.— Where the first petition for grading and paving certain streets expressly stated that the district was not organized for curbing, guttering or storm sewering, and the second petition of a majority of landowners and the ordinance creating the district provided for grading and paving the streets without restriction, *held* that the district was not authorized to construct curbs, gutters and storm sewers, especially in view of the fact that on the same day an ordinance was passed creating an improvement district for

the purpose of constructing curbs, gutters and storm sewers in the same streets.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

### STATEMENT OF FACTS.

Thad F. Wells brought this suit in equity against Street Improvement District No. 31 of North Little Rock and the commissioners thereof for the purpose of having the organization of the district declared void and restraining the commissioners from issuing bonds for the cost of constructing the improvement.

According to the allegations of the complaint, the plaintiff is the owner of real property located within the boundaries of said improvement district. The first petition and the ordinance establishing the district declares that it is organized for the purpose of "grading and paving (but not curbing, guttering or storm sewering) the streets within the district."

It was further alleged that the ordinance establishing the district after the second petition containing the majority in value of the property owners in the district was filed, stated that the commissioners are given the power to grade and pave the streets in said district, and did not contain any restriction or limitation as to the power of the commissioners as to curbing, guttering, and constructing storm sewers.

The answer admits that the purpose of the district as expressed in the first petition and ordinance is for grading and paving (but not curbing, guttering, or storm sewering) the streets, and that the purpose that is expressed in the second petition is for grading and paving said streets. The defendants deny that the effect of the second petition is to give the commissioners power, not only to grade and pave the streets, but also to construct curbs, gutters, and storm sewers. They aver that the grading and paving of said streets can be done without curbing, guttering, and storm sewering the same; that another district was formed at the same time, having precisely the

same boundaries for the distinct purpose of constructing curbs, gutters and storm sewers in the streets of the proposed district. They further state that the plans and specifications and estimated cost filed with the city council provide only for grading and paving the streets in the district.

The plaintiff filed a demurrer to the answer of the defendants. The chancery court overruled the demurrer to the answer. The plaintiff refused to plead further and elected to stand upon his demurrer to the answer. It was therefore decreed that the plaintiff's cause of action be dismissed for want of equity, and the plaintiff has duly prosecuted an appeal to this court.

*Carmichael & Hendricks,* for appellant.

*Tom F. Digby,* for appellee.

HART, J. (after stating the facts). It is the contention of counsel for the plaintiff that, while under the first petition the powers of the commissioners are limited to grading and paving the streets only, still the effect of the second petition is to give them the power, not only to grade and pave the streets, but to construct curbs, gutters and storm sewers.

This court has recognized that the property owners may limit the powers of the commissioners by specifying with particularity the kind of materials to be used and the cost of the improvement. *McDonnell* v. *Imp. Dist. No. 145, Little Rock,* 97 Ark. 334. This court has also held that two distinct improvement districts having the same boundaries may be organized, the one for the purpose of grading and paving the streets in it, and the other for the purpose of curbing, guttering and storm sewering the same streets. *Bottrell* v. *Hollipeter.* 135 Ark. 315, and *Johnson* v. *Hamlen,* 148 Ark. 634. In these cases the court held that, while curbing and guttering and constructing storm sewers may be incident to the paving and grading of streets, and therefore appropriately included in a single improvement district organized for the purpose of paving and grading streets. yet they are not convertible terms, and do not necessarily include each other.

It is true that the first petition and the ordinance provided for paving and grading the streets and contained a restriction in express terms that the district was not organized for curbing, guttering, and storm sewering the same streets, and that the second petition and ordinance did not contain any restriction or limitation against curbing, guttering, and storm sewering, yet both ordinances were passed pursuant to the same statute to effectuate the same purpose and must necessarily be read and construed in the light of each other and with reference to the purpose sought to be accomplished. When this is done, we do not think that there is any variance between the purposes to be accomplished by the two ordinances.

While the express language of the first petition and ordinance limits the improvement to paving and grading by expressly stating that curbing, guttering or storm sewering could not be done, we think the use of the words, paving and grading as used in the second petition and ordinance necessarily limits and restricts the power of the commissioners to paving and grading the streets. When construed in the light of the first petition and ordinance, by necessary implication the language used in the second ordinance restricts the power of the commissioners to paving and grading the streets merely. This is especially true when we consider that the city council on the same day passed an ordinance creating an improvement district out of the same territory for the purpose of constructing curbs, gutters and storm sewers in the same streets.

It follows that the decree of the chancery court was correct and will be affirmed.