PRICE v. STREET IMPROVEMENT DISTRICT No. 335.

Opinion delivered November 9, 1925.

MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—ANNEXATION OF TERRITORY.—Under Crawford & Moses' Dig., § 5733, a city council may annex contiguous territory to an improvement district already organized, if the improvement in the annexed territory is of the same general character, though the method of construction and material to be used may be different; but where the original improvement was to drain, curb and pave certain streets, the council could not under such statute provide for "grading, draining and curbing" certain additional and contiguous streets in annexed territory by one ordinance, and for "paving" such streets by another ordinance.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Abner McGehee,* for appellant.

*S. L. White,* for appellee.

WOOD, J. On November 20, 1922, Improvement District No. 335 was created by ordinance of the city council of the city of Little Rock, Arkansas, for the purpose of "draining, curbing and paving with an asphaltic pavement, and in such manner as the commissioners of said district should determine to be for the best interest of the district, certain specified and designated streets in said district. On the 31st of August, 1925, Annexes No. 2 and No. 3 to Improvement District No. 335 were established. Annex No. 2 was for the purpose of grading, draining and curbing, in a manner that the commis-

sioners of said Improvement District No. 335 shall deem to be for the best interest of the territory annexed," designating certain streets. Annex No. 3 was established for the purpose of "paving" with concrete in the manner that the commissioners of said district shall deem for the best interests of the territory annexed to said Street Improvement District No. 335, certain designated streets being the same streets as those to be improved in the manner specified in Annex No. 2 to said district.

The commissioners of District No. 335 were proceeding to make the improvement specified in the Annexes Nos. 2 and 3. This action was instituted by appellant, a taxpayer and owner of real property in the district, against the commissioners of the district to perpetually restrain them from making the improvement. He alleged that the ordinance establishing Annexes 2 and 3 to District No. 335 were void under the above facts, which he set out in his complaint. The commissioners answered admitting the facts to be as alleged in the complaint, and made the answer a general demurrer to the complaint. The court sustained the demurrer to the complaint, and entered a decree dismissing the same. The appellant stood on his complaint, and duly prosecutes this appeal.

The ordinance creating the annexes Nos. 2 and 3 to District No. 335 were passed under § 5733 of Crawford & Moses' Digest, which provides for the annexation of contiguous territory to any improvement district in city or town, upon petition of a majority in value of the owners of real property in such territory, describing the territory to be annexed and the character of the improvement desired after notice is given as therein prescribed. When the contiguous territory is thus annexed to the original improvement district, the commissioners of that district shall make the improvement contemplated by the annexation ordinance on the same basis as if the territory were included in the original district. The concluding part of § 5733, supra, is as follows: "If petitioned for, the improvement in the territory

annexed may be of different material or of a different
method of construction from that in the original
district.''

In the case of *Miller* v. *Seymour,* 156 Ark. 273, we
said: ''The annexation of territory is tantamount to
the creation of a new district without the imposition of
new burdens on the original district, or the assumption
of any burdens on the annexed territory for the cost of
the original improvement, and property affected by both
improvements may be embraced legally in both crea-
tions.'' Under our law ''more than one and different im-
provements can be united and treated as one and under-
taken by the creation of an improvement district for that
purpose, but, on the other hand, where there is really but
one improvement it cannot be divided into separate
parts and improvement districts created for the comple-
tion of the work of these separate parts.'' *Bottrell* v.
*Hollipeter,* 135 Ark. 315, and cases there cited.

In *Johnson* v. *Hamlen,* 148 Ark. 634, two improve-
ment districts were created in the city of Little Rock, one
for the purpose of grading, draining, curbing and gutter-
ing certain streets, and the other for the purpose of *pav-
ing* the same streets. An attack was made upon the dis-
tricts, it being alleged, among other things, that the or-
ganization of the two districts for the one improvement
was in violation of the law. The commissioners of the dis-
tricts denied that the improvements contemplated were in
their nature essentially a single improvement, and alleged
that the improvements contemplated by the two districts
were separate improvements, each of which could be done
without the other. The demurrer to the answer was
overruled, the court quoting at length from the case of
*Bottrell* v. *Hollipeter supra,* a part of which quotation
is as follows: ''The petition of the property owners for,
and the ordinance pursuant thereto creating, the two
districts are at least *prima facie* evidence that the peti-
tioners and the town council considered that the improve-
ments provided for did not constitute a 'single' improve-
ment, as designated in the statute. The facts stated in

the answer and admitted by the demurrer of appellant
to be true show that they were not essentially one im-
provement.'' The court affirmed the judgment of the
trial court, overruling the demurrer to the answer, hold-
ing that the answer was sufficient to show that the dis-
tricts contemplated two separate improvements.

In *Brown* v. *Board of Commissioners,* 165 Ark. 585,
we held that ''while the power to pave may include the
cost of curbing and guttering, yet they are not con-
vertible terms, and do not necessarily include each other
so as to constitute a single improvement.'' See also
*Meyer* v. *Board of Com. etc.,* 148 Ark. 623.

In *Poe* v. *Imp. Dist.,* 159 Ark. 569, we held that when
a territory is once annexed it is governed by identically
the same laws as apply to the creation of the original
district.

Counsel for appellees rely upon the above cases to
sustain the contention that the ordinance creating An-
nexes Nos. 2 and 3 were valid, but in none of the above
cases was the question now before the court presented.
In the case of *Bottrell* v. *Hollipeter, supra,* and *Johnson*
v. *Hamlen, supra,* we sustained ordinances creating two
improvement districts for the purpose of improving the
same street because, under the allegations of the plead-
ings, two separate and distinct improvements were con-
templated and undertaken, although covering precisely
the same territory. But these cases have no application
to the annexation of contiguous territory under authority
of § 5733, C. & M., *supra.* Under that statute annexa-
tion of contiguous territory to improvement districts
already organized may be made where the improvement
contemplated, of the annexed territory, is of the same
general character as that in the original improvement dis-
trict to which the territory is annexed. The improvement
contemplated in the contiguous territory annexed does
not have to be precisely the same improvement as that
of the original district, as is shown by the concluding
paragraph of the above statute which expressly provides
that the ''improvement in the territory annexed may be

of different material or of different method of construction from that in the original district." The above language clearly implies that the general character of the improvement must be the same; that is to say, if the original district was organized, as this was, for the purpose of "grading, draining, curbing, and paving," then the improvement in the contiguous territory proposed to be annexed must also be for the purpose of "grading, draining, curbing and paving;" though the method of construction and the material used may be different from that of the original district. Now, the two ordinances, taken together, creating the annexes under review provided for precisely the same character of improvement as contemplated in the original district, to-wit: "grading, draining, curbing and paving." But, instead of providing for this improvement in the annexed territory as a single annexation and by a single ordinance, the council provided for the annexation in two separate ordinances as if two different and separate improvements were contemplated. Under the annexation statute above if the original improvement of *grading, draining, curbing* and *paving* is declared and undertaken as a single improvement, then the same character of improvement in the contiguous territory annexed must be undertaken as a single improvement and not as separate and distinct improvements.

Under the authority of *Bottrell* v. *Hollipeter,* and *Johnson* v. *Hamlen, supra,* the city council might have declared the work contemplated by the original Improvement District No. 335 as two separate and distinct improvements and undertaken the same as such by the creation of separate improvement districts, but it did not elect to do so. On the contrary, it established an improvement district to make the improvement therein designated as a single improvement. Precisely the same general character of work was undertaken by the ordinances establishing the annexation of contiguous territory as was undertaken by the ordinance establishing the original district. But this could not be done by separate

ordinances creating two improvements instead of one; it should have been done by an ordinance creating a single annexation for the purpose of making a single improvement, such as was undertaken in the creation of the original district.

It follows that the ordinances establishing the annexations Nos. 2 and 3 to the original improvement district are void, and the court erred in not so holding, and erred in sustaining the demurrer to appellant's complaint. The judgment is therefore reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings according to law and not inconsistent with this opinion.