GIBSON *v.* INCORPORATED TOWN OF HOXIE.

Opinion delivered December 22, 1913.

1.  LOCAL IMPROVEMENTS—CITY ORDINANCE—PUBLICATION.—Ordinances of a city creating an improvement district, and providing for assessments, to be valid, must be published in some newspaper published in the city or town in which the district is organized, and the provisions of Kirby's Digest, § § 5666 and 5685, relative thereto are mandatory. (Page 546.)

2.  LOCAL IMPROVEMENTS — CITY ORDINANCES — PUBLICATION — CURATIVE ACT.—The ordinances creating a local improvement district and levying an assessment were published in a newspaper in another town and therefore were not published in compliance with sections 5666 and 5685 of Kirby's Digest. Thereafter Act No. 5, page 27, Acts of 1913, was passed, providing that the publication might be made in some newspaper published in the same county, and providing in the matter of any district previously formed where publication had been made according to the amended act, the publications should be valid. *Held*, the act cured the defect in the publication of the ordinance creating the district, but was not effective to cure the failure to give proper notice of the assessment. (Page 548.)

Appeal from Lawrence Chancery Court, Eastern Division; *Geo. T. Humphries,* Chancellor; reversed.

STATEMET BY THE COURT.

Appellants sought to enjoin the collection of certain improvement taxes levied for the purpose of building sidewalks in the incorporated town of Hoxie. The litigation involves the validity of the ordinances under

which the improvement district was created and the taxes assessed. The ordinance creating the district was numbered 51, and was attacked upon the grounds that it had not been introduced and passed as required by law, nor published as required by law; that it was insufficient in form and had no caption or title or enacting clause, and did not provide for going into effect, and had not been recorded or attested as required by law. A copy of this ordinance was made an exhibit to the complaint, as the same had been recorded by the town recorder, and it appeared from that exhibit that the objections made to it were well taken.

The ordinance declaring that the council had ascertained that the requisite majority had petitioned for the creation of the district, together with the other findings of fact essential to a valid assessment, was numbered 56, and was also made an exhibit to the complaint, and it was made to appear from this exhibit, and certain recitals from the minutes of the meeting of the town council, at which it was passed, that it had not been properly passed, and that it was defective in that it failed to provide that "property in said district be assessed according to the assessment list for said district," as required by section 5684 of Kirby's Digest.

But after the beginning of this suit the records were amended, and it was made to appear that the recorder had failed to record the ordinance creating the improvement district, but, instead, had copied the property owners' petition for its establishment. That ordinance was therefore properly passed.

Ordinance No. 56 appears to have been defective in failing to provide that the betterments should be assessed against the property in the district, and to have been improperly enacted, but the defect was discovered and the ordinance amended and properly passed, although at the time of the institution of this suit the amended ordinance had not been recorded, but it was recorded shortly thereafter.

Ordinance No. 51 was published in "The Blade," a

newspaper published in Walnut Ridge, an adjoining but separate municipality, and ordinance No. 56, both in its original and amended form, was similarly published. All of these publications were made prior to the session of the General Assembly of 1913.

*John S. Gibson,* for Anna B. Gibson.

*Harry Boas, pro se.*

1. The ordinances were never legally passed. Kirby's Digest, § § 5473, 5475, 5481.

2. A statute delegating authority to charge property with the expense of local improvements must be strictly personal. 59 Ark. 344-363.

3. Ordinances made necessary by statute can not be modified or changed; they must be definite and contain but one subject which must be clearly expressed in its title. 59 Ark. 349.

4. The description in ordinance 51 describes *a straight line in the middle or along the side of a street or streets.* Such a description is *void. Ib.*

5. The ordinances were never properly published. Kirby's Dig., § § 5666, 5685. These provisions are mandatory.

SMITH, J., (after stating the facts). It appears that these ordinances were not properly published. Ordinance No. 51 was published in the attempt to comply with the provisions of section 5666 of Kirby's Digest, which section requires the publication of the ordinance establishing the district, and ordinance No. 56 was published in the attempt to comply with the provisions of section 5685 of Kirby's Digest, which section requires the publication of the ordinance levying the assessments against the property of the district; and both sections require that the publication be made in some newspaper published in the city or town in which the district is organized.

It has been expressly decided that the provisions of section 5666 are mandatory, and those of section 5685 are

equally so. *Crane* v. *Siloam Springs,* 67 Ark. 30; *Voss* v. *Reyburn,* 104 Ark. 301.

The Legislature had the right to prescribe the terms upon which an improvement district might be created, and it made the publication of these ordinances in some newspaper published in the town a prerequisite. Doubtless, the Legislature thought it unwise to permit the establishment of these districts in towns which were too small to have, or which did not have, a newspaper therein. But we need not seek the legislative reason; it is sufficient if we know the legislative will. And publication in a newspaper published in another town did not meet the requirements of the law. *Jackson* v. *Beatty,* 68 Ark. 273.

But both sections, 5666 and 5685, of Kirby's Digest, were amended by Act No. 5 of the Acts of 1913, approved June 30, 1913, page 27. Section 5666 is amended to provide that hereafter the publication shall be made in some newspaper published in the city or town where the district is established, if there be such paper, and, if not, that the publication shall be made in some newspaper published in the same county and having a circulation in such city or town, with the proviso that any district heretofore formed, where publication has been made according to the provisions of the act as amended, shall be as valid as if publication had been made under the strict letter of the section amended. The amendment to section 5685 provided that publication might be made in the same manner as was provided for the publication required by section 5666.

But no attempt was made to cure the failure to give notice of the assessments, and we need not discuss what the effect of a general curative act would be, which was applicable to all districts generally, but in which there was no showing that the Legislature had ascertained and, declared that the assessments cured by the legislative act had been made according to the benefits received by each tract of land within the improvement districts. It was intimated, but not decided, in the case of *Sudberry* v. *Graves,* 83 Ark. 348, that the Legislature could not

have delegated to the assessing officers the authority to levy assessments without notice to the land owners, but, it is unnecessary here, as it was unnecessary there, to decide that question.

We think the curative act was valid, and its effect is to render ordinance number 51 valid and to make the improvement district an existing entity. The publication of the ordinance establishing the district might have been dispensed with, as section 5685 provided for giving notice to the property owners, and fixed a time within which they might show cause against the assessment of their property. The rule in such cases is stated in the opinion in the case of *Sudberry* v. *Graves, supra,* as follows:

"This court has adopted the following rule stated by Judge Cooley: 'If the thing wanting or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the Legislature might have dispensed with by prior statute, then it is not beyond the power of the Legislature to dispense with it by subsequent statute. And if the irregularity consist in doing some act, or in the mode or manner of doing some act, which the Legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law.' Cooley's Const. Lim. (7 ed.), p. 531; *Green* v. *Abraham,* 43 Ark. 420.

"On the other hand, the Legislature can not cure the omission of an act which it could not in the first place have dispensed with, nor validate a proceeding wholly void because of a failure to comply with a jurisdictional requirement. Cooley's Const. Lim., p. 530; Gray's Lim. of Taxing Powers, § 1249; Hamilton's Law of Special Assessments, § 817.

But although there is a valid district, there is no valid and enforceable assessment, and the court below was in error in finding for appellee and in dissolving the temporary restraining order which had been granted at the institution of the suit. The decree of the court

below is therfore reversed, and the cause will be remanded with directions to make permanent the injunction restraining the attempt to collect the assessments against the lands described in the complaints.