MEEHAN v. MAXWELL.

Opinion delivered December 14, 1914.

1. LOCAL IMPROVEMENT—PETITION—AUTHORITY OF TOWN COUNCIL.—The city council of an incorporated town has authority to lay off the whole town into the improvement district which has been petitioned for and in accordance with the prayer of the petition, but it has not authority to change the purpose of the improvement as designated in the petition.

2. LOCAL IMPROVEMENT—PETITION AND ORDINANCE—AUTHORITY OF BOARD.
—The board of improvement can not substitute for the improvement named in and authorized by the petition and ordinance, a different improvement.

3. LOCAL IMPROVEMENT—PETITION AND ORDINANCE—VARIANCE.—Where the petition to the city council asking for the formation of an improvement district provided that the district was for the "purpose of building and laying concrete sidewalks on all public streets of the entire town," and the ordinance provided for the "laying and building concrete sidewalks on either or both sides of all public streets within the town," the ordinance will be held to change, or depart from, the terms of the petition, and that the ordinance was therefore invalid.

4. LOCAL IMPROVEMENT—PETITION—POWER OF BOARD OF IMPROVEMENT.—The board of improvement is without authority to construct the improvement in a way differing from, and not in compliance with the terms of the original petition.

5. LOCAL IMPROVEMENT—PETITION—SIDEWALKS—AUTHORITY OF BOARD.—The petition for a sidewalk improvement district provided for the "building and laying concrete sidewalks on all public streets of the entire town." *Held*, there being two sides to each street, by the language used it was manifestly intended that the walks should be constructed upon both sides thereof, and it was not within the power of the council or board of improvement to limit the construction of sidewalks to one side of the street and portions thereof only, and to exclude entirely from the improvement certain streets of the town.

Appeal from Woodruff Chancery Court; *Edward D. Robertson,* Chancellor, reversed.

STATEMENT BY THE COURT.

Appellants brought this action to enjoin the collection of the assessments against their property, challenging the validity of the district because the ordinance establishing it did not conform to the petition praying for its establishment, and because the commissioners had arbitrarily and substantially changed the boundaries of the district as fixed by the ordinance.

On May 7, 1913, more than ten property owners of the town of Cotton Plant petitioned the council to organize the entire town of Cotton Plant into an improvement district, "for the purpose of building and laying concrete sidewalks on all streets of the entire town of Cotton Plant." The council passed an ordinance, No. 46, laying off all the terri-

tory within the limits of the town as an improvement district, "known as Improvement District No. 1," "for the purpose of building and laying concrete sidewalks on either or both sides of all public streets within the corporate limits." The second petition was filed asking that the improvement mentioned in ordinance No. 46, be made, "said improvement to be the building and laying of concrete sidewalks on either or both sides of all public streets situated in said district No. 1, and that the cost and expense thereof be assessed and charged upon real property situated within said improvement district." On September 30, the council passed a resolution declaring that the petition contained the requisite majority, and on October 7, appointed a board of improvement. On February 11, 1914, the commissioners filed their report containing the estimate of the cost. Assessors were appointed on February 10, 1914, and on June 24, the assessments of benefits were filed with the recorder. On July 7, an ordinance was passed assessing the property in "Sidewalk Improvement District No. 1, in the incorporated town of Cotton Plant, Arkansas, organized for the purpose of building and laying concrete sidewalks on either or both sides of all public streets in said district." The assessments were against all property in the district. The commissioners or board of improvement as shown by the agreed statement of facts, laid out and designated certain streets of the town only upon which sidewalks should be constructed and on certain of these streets a sidewalk was to be constructed on one side only and along certain of these streets sidewalks were to be constructed at certain designated places. The commissioners' plans provided the sidewalks were not to be laid the entire length of the streets nor on both sides of all the streets when laid, but that walks should be laid on both sides of the business and residence streets of the town now built up. On one side or on portions of the streets where sidewalks were thought desirable or necessary, leaving some streets within the corporate limits without sidewalks, they being less traveled, fourteen streets, in fact, in the town as laid out and designated within the limits of the district were not to be improved at all.

Upon the hearing the court dismissed the complaint for want of equity and from the judgment this appeal is prosecuted.

*Roy D. Campbell,* for appellants.

The initial petition was presented, and the ordinance was passed under authority of section 5665, Kirby's Digest.

The sidewaks contemplated by the commissioners and as contracted for by them, constitute a change in the boundaries of the district, and their action was without authority of law and void. 86 Ark. 121; 106 Ark. 46, 47, and cases cited; 105 Ark. 65; 103 Ark. 269; 90 Ark. 29; 81 Ark. 216.

*Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellees.

The language of the petitions used by the property owners is to be taken in connection with the subject-matter about which they petitioned, and when this is done, the term "public streets," used in the petitions is used in the ordinary and popular sense of streets used by the public and that need sidewalks; and it was the intention of the petitioners to vest the discretion in the commissioners to designate what parts of what streets were sufficiently used by the public to need sidewalks. Kirby's Digest, § 5718; 55 Ark. 148; 97 Ark. 334; 105 Ark. 68; 103 Ark. 269; 168 S. W. 127; 29 Ind. 206, 207; 28 Mich. 538, 541; 33 N. J. Law. 26, 27.

KIRBY, J., (after stating the facts). The petition asking for the formation of the improvement district designated it "for the purpose of building and laying concrete sidewalks on all public streets of the entire town of Cotton Plant." The ordinance established the district prayed for as Improvement District No. 1, of the town of Cotton Plant, "for the purpose of building and laying concrete sidewalks on either or both sides of all public streets within said corporate limits." The petition of the majority in value of property owners designated the said improvement as, "Said improvement to be the building and laying of concrete sidewalks on either or both sides of all public streets in said district." The council laid off the whole town into an im-

provement district not for the purpose of building and laying concrete sidewalks on all public streets of the entire town of Cotton Plant and the board of improvement selected and designated for improvement, that portion of the streets of the town in the business and residence districts most used and where it was thought sidewalks were necessary and most desirable, leaving some portions of some of the streets without improvements and putting walks on only one side of other streets and at certain places thereon, leaving places on the improved streets without improvement where it was thought none was necessary and leaving off entirely fourteen streets of the town without improvement.

(1)   The council was authorized to lay off the whole town into the improvement district petitioned for in accordance with the prayer of the petition but not to change the purpose of the improvement as designated therein.  *Kirst* v. *Street Improvement Dist.*, 86 Ark. 21; *Watkins* v. *Griffith*, 59 Ark. 354; *Smith* v. *Improvement Dist.*, 108 Ark. 141; *Harnwell* v. *While*, 115 Ark. 88.

(2)   In *Board of Improvement* v. *Brun*, 105 Ark. 65, the court said:   "The board of improvement can not, however, substitute for the improvement named in and authorized by the petition and ordinance an entirely different and more expensive improvement.   The nature and character of the improvement which it is authorized to form plans for and to make, is prescribed by the petition and the ordinance passed in pursuance thereof."

In *Watkins* v. *Griffith, supra,* the court said:   "The petition prescribed the extent of their authority and everything beyond that was without authority and void.   The assent of the owners was never obtained, no petition was ever made for it and no power even given to the board to make it.   The foundation of the improvement was the petition of the owners of real property situated in the proposed district.   Under the statute the extent and character of the improvement as expressed in the ordinance must substantially comply with the terms of the petition upon which it is based."

"It will be seen that our statutes require as a prerequisite to the exercise of the authority conferred upon the city council that a petition be first filed designating the boundaries of the district so that it may be easily distinguished. This is for the benefit of the property owners. A property owner might be willing to sign for the improvement district as designated in the first petition and might be unwilling to sign if a part of the property included within the boundaries of the district should be omitted. For this might have the effect of imposing upon the property owners additional and enlarged burdens which they did not contemplate when they signed the petition. A special limited jurisdiction is conferred upon the city council to lay off the district as designated by the property owners in the first petition and the council must conform strictly to the authority conferred upon it. For the same reason the chancery court had no power to change or alter the boundaries of the district, and it follows that in making up the valuation of the property in the district all the property situated in the district as it was created must be considered." *Smith* v. *Improvement District* 108 Ark. 141.

In *Harnwell* v. *White, supra,* the court said: "Neither does the city or town council have authority to establish an improvement district for a purpose substantially at variance with the one prayed for, nor can the commissioners in the construction of the improvement depart materially from the one designated in the petition praying and the ordinance establishing the district."

(3-4) The petition, the foundation for the organization of the improvement district, designated it for the "purpose of building and laying concrete sidewalks on all public streets of the entire town of Cotton Plant," and the ordinance departed therefrom, designating the "purpose of laying and building concrete sidewalks on either or both sides of all public streets within the town," and was a substantial change or departure from the purpose as designated by the petition therefor and rendered the ordinance invalid. "For the purpose of laying and building sidewalks on all public streets" means evidently on both sides of all public

streets in the town, and the ordinance establishing the district for building and laying concrete sidewalks on either or both sides of the streets was a material change from that prayed for. The petitioners evidently expected the improvements to be made upon both sides of the streets and might not have signed the petition if they had thought they were to be constructed on one side of any of the streets. The council in passing the ordinance departed from the authority of the petition authorizing it, in changing the improvement from both sides to either side of the street, and the board of improvement further departed from the authority of the petition and the ordinance by selecting certain streets most used for improvement by laying walks on each side of portions thereof and other streets for improvement by laying walks on one side only and leaving certain intervening portions thereof without improvement, and fourteen streets of the town without any improvement whatever. The board was without authority to do this even had the ordinance been valid making the change from the improvement designated in the petition to the one provided for in the ordinance.

Counsel insist that this view is in conflict with the holding in *Boles* v. *Kelley,* 90 Ark. 29, but we do not think so. The court passing upon the sufficiency of the complaint there said: "We infer that the objection to the plans for paving the district is that the pavement did not embrace the whole of the streets, instead of a part. This is not a valid reason. The statute provides, that 'immediately after their qualification the board shall form plans for the improvement within their district as prayed in the petition' (Kirby's Digest, 5672) ; and as soon as the plans have been formed and costs thereof ascertained it shall report the same to the city or town council. Kirby's Digest, 5676. The petitions of property owners specify the improvement desired. In this case it was the pavement of the streets, but not how and to what extent they shall be paved. That was the duty of the board to determine."

That improvement district was organized for "the pavement of the streets" and the designated purpose was definite and well understood, the obvious meaning of the

expression "pavement of the streets," requiring necessarily the laying of pavement upon a portion of the streets wide enough to accommodate the traffic thereon and conform to the purpose for which the district was organized. The court held "the how or manner of paving the streets and extent to which they should be paved was a matter for the board of improvement to determine, under the ordinance authorizing it."

(5)   The petition here prayed the establishment of the district for the purpose of building and laying concrete sidewalks on all streets of the entire town of Cotton Plant, and there being two sides to each street, by the language used it was manifestly intended that the walks should be constructed upon both sides thereof and having designated the purpose in the petition, it was not within the power of the council nor the board of improvement to limit the construction of sidewalks to one side only of the street and portions thereof, and to exclude entirely from the improvement certain streets of the town. The authority of that case is in no wise impaired by the decision herein. The district was not legally organized and the commissioners are without authority to collect the assessments against the property of appellants and others and the court erred in not so finding.

For said error the decree is reversed and the cause remanded with directions to enter a decree perpetually enjoining the commissioners from the collection of assessments for the improvement, in accordance with the prayer of the petition.