LESS *v*. IMPROVEMENT DISTRICT No. 1 OF HOXIE.

Opinion delivered June 18, 1917.

LOCAL IMPROVEMENT—VARIANCE BETWEEN PETITION AND ORDINANCE.— The organization of a local improvement district is invalid when the petition provided for "sidewalks where now needed and the streets to be improved," and the ordinance provided that "the sidewalks and streets within the proposed district be improved."

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*Basil Baker* and *Horace Sloan,* for appellant.

1.   The district and the commissioners were estopped to deny the existence of a valid corporation, after incurring a debt while holding itself out as a valid district.   81 Ark. 391, 402; Thompson on Corporations, § § 1124, 1951, 1953; 70 Ark. 451.

2.   The district was validly organized.   114 Ark. 23; 110 *Id.* 544.   There was no variance in the petition and ordinances. Where a district has been properly established a mandamus will issue compelling it to pass an ordinance to levy assessments.   41 Ark. 52.   Sidewalks are part of the streets.   59 Ark. 494.   An ordinance will not be invalidated for mere clerical errors. 122 Ark. 326.

*W. E. Beloate,* for appellee.

1. The district had no valid existence. There is a variance between the petition and ordinance and uncertainty as to the proposed improvements. The petition is jurisdictional and the work authorized must follow it. 110 Ark. 544; 59 *Id.* 344; Kirby's Digest, § § 5676-7-8.

2. There is no estoppel.

### STATEMENT BY THE COURT.

This is a proceeding by mandamus in which Ruth Less seeks to compel the commissioners of Improvement District No. 1 of the town of Hoxie, Arkansas, to collect assessments in said district for the purpose of paying an indebtedness due the plaintiff. The commissioners interposed the defense that the district had no valid existence. The facts are as follows:

In the year 1912, ten owners of real property in the town of Hoxie signed a petition in which they asked "that sidewalks be laid where now needed and that the streets of the said town of Hoxie be improved within the territory hereinafter described, and that for the purpose of making said improvements the following territory be laid off and established as an improvement district." Then follows a particular description of the territory sought to be laid off into the improvement district. An ordinance was passed by the town council, "that the sidewalks be and the streets be improved within the limits of said territory and that the same be made into an improvement district for that purpose." Then follows a particular description of the territory which is the same as the territory embraced in the petition. The commissioners for the improvement district were duly appointed and qualified. They entered into a contract with W. E. Swink for the construction of sidewalks within the district. Swink borrowed $1,000.00 from Ruth Less for the purpose of being used in making the improvements, but did not use it for that purpose. Swink gave an order upon the commissioners of the district for $1,000.00 payable to Ruth Less or bearer on the first sums

collected or realized from the sale of bonds of the said improvement district. This order was accepted by the commissioners of the district. No bonds were ever sold by the commissioners of the district and the improvements were finally abandoned for the reason that the commissioners were advised that the district had never been legally formed. Swink neglected to pay Ruth Less the $1,000.00 and as above stated she instituted this proceeding by mandamus to compel the commissioners to levy an assessment on the real estate situated in the district for the purpose of paying her. The court found the issues in favor of the improvement district and denied the petition of the plaintiff. From the judgment rendered the plaintiff, Ruth Less, has appealed.

HART, J., (after stating the facts). In the case of *Meehan* v. *Maxwell*, 115 Ark. 594, the court held: ''Where the petition to the city council asking for the formation of an improvement district provided that the district was for the 'purpose of building and laying concrete sidewalks on all public streets of the entire town,' and the ordinance provided for the 'laying and building concrete sidewalks on either or both sides of all public streets within the town,' the ordinance will be held to change, or depart from, the terms of the petition, and the ordinance was therefore invalid.'' This case controls here. In the first place it will be noted that there is a variance between the petition and the ordinance. The ordinance provides that the sidewalks and streets within the proposed district be improved. The petition provides that the sidewalks where now needed and the streets be improved. This leaves it to the discretion of the commissioners to determine the sidewalks they might cause to be improved. This could not be lawfully done under the decision just referred to. It is necessary that there should be no uncertainty about the improvement which it is proposed to make. The reason for the rule was stated at length in *Cox* v. *Road Improvement District No. 8 of Lonoke County*, 118 Ark. 119, and nothing can

be added to what was there said.  In that case the court said:

"The details and plans of the improvement may be worked out by the board of improvement after the establishment of the district petitioned for, but the discretion of the board is limited to carrying out the purpose of the petition. It is not contemplated that upon and after the establishment of the district there shall be any doubt about the improvement to be constructed.  Otherwise, property owners might sign the petition under the apprehension that a certain road or street was to be improved, only to learn after the district had been established, and the plans had been approved, that they were mistaken or had been deceived.  One of the purposes of requiring a petition in writing is to prevent such controversies."

The question concerning the organization of this improvement district has been before us twice before. *Boaz* v. *Coates,* 114 Ark. 23, and *Gibson* v. *Hoxie,* 110 Ark. 544. We can only decide cases however on the record made in the court below. In neither of these cases was the question now raised referred to or made an issue in the case.

In the case of *Gibson* v. *The Town of Hoxie,* it was claimed that the ordinance establishing the district was not properly published.  A curative act was passed to cure this defect.  The court held that the case fell within the principle that it is within the power of the Legislature to cure all omissions in proceedings as to matters which could have been dispensed with in the beginning.

In the case of *Boaz* v. *Coates,* the court held that where the proceedings for the laying of sidewalks by an improvement district in a city were regular up to the publication of the ordinance levying the assessment, the fact that the ordinance was invalid, will not prevent the city council from passing a new ordinance and publishing it in accordance with the laws then in force.  The defect in the organization of the district as shown by the record on this appeal could not be cured by any ordinance passed for that purpose.

As stated above there can be no uncertainty about the proposed improvement district and our cases treat the petition as jurisdictional. It can not be left to the judgment of the commissioners to decide what sidewalks should be laid.

It follows that the judgment of the circuit court was correct and must be affirmed.