## STOCK v. HAZEN STREET AND SIDEWALK IMPROVEMENT DISTRICT.

### Opinion delivered December 8, 1919.

MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—VARIANCE.—Where the first petition for a street improvement district designated it for the purpose of improving the streets in the town, and the second petition, signed by a majority in value of the property owners, designated a less number of streets than those in the whole of the town, the variance is fatal to the validity of the district.

Appeal from Prairie Chancery Court, Southern District; *John M. Elliott*, Chancellor; reversed.

### STATEMENT OF FACTS.

Clea Stock brought this suit in equity against the commissioners of Hazen Street and Sidewalk Improvement District to enjoin them from proceeding further in making the improvement on the ground that the district was not organized in the manner provided by statute and on that account is invalid.

The plaintiff alleges that he is a citizen and resident property owner of the town of Hazen. The complaint further alleges that the first petition of ten property owners prays that the whole of the town of Hazen be laid off into an improvement district "for the purpose of improving and constructing sidewalks and improving the streets in the town of Hazen, Arkansas."

That the ordinance passed by the town council of Hazen pursuant to said petition in laying off the district uses the same language as the petition in describing the improvement. That the second petition signed by a majority of the land owners of the proposed district specifies the sidewalks, crossings and streets that were to be improved, and that such description showed them to be

less than all the sidewalks and streets in the proposed district.

The court sustained a demurrer to the complaint, and, the plaintiff declining to plead further, his complaint was dismissed for want of equity. The plaintiff has appealed.

*Melbourne M. Martin,* for appellant.

1. The first petition and the ordinance creating the district are void for lack of certainty in describing the improvements. K. & C. Digest, § 6824; 130 Ark. 44; 115 *Id.* 594; 103 *Id.* 272. See also, 105 *Id.* 65; 59 *Id.* 344; 90 *Id.* 29; 67 *Id.* 30.

2. The second petition is void because it varies from the first petition and ordinance in the description of the improvement and because no valid district was in existence at the time. 67 Ark. 30; 115 *Id.* 594; 116 *Id.* 178. The court erred in sustaining the demurrer. *Supra.*

3. Act No. 51, October 10, 1919, was not constitutionally passed and was void as a curative act. *Booe* v. *Road Dist., ante* p. 140.

*C. B. Thweatt* and *J. F. Holtzendorff,* for appellees.

1. The reason of the cases cited for appellant does not apply; the first petition sufficiently describes the proposed improvement, and the second petition supplies any defects. Such acts where the roads to be improved are left to the commissioners have often been sustained by this court. 213 S. W. 763; *Ib.* 768; 214 *Id.* 23; 90 Ark. 29; 115 *Id.* 600.

2. The Legislature can by curative act cure all defects and irregularities, or omissions which could have been dispensed with originally. Dillon on Mun. Corp. (5 Ed.), p. 126; 110 Ark. 548; 116 Ark. 177.

3. If the curative act is valid, it is retroactive and makes the ordinance valid at the time the second petition was signed. 36 Cyc. 1221. All defects are cured by the curative act.

HART, J., (after stating the facts). The first petition, the foundation for the organization of the improve-

ment district designated it "for the purpose of improving and constructing sidewalks and improving the streets in the town of Hazen, Arkansas."

The second petition which was signed by the majority in value of the property owners of the proposed district described the improvements by naming the streets and sidewalks specifically and a less number than those in the whole of the city was described. Indeed there was a substantial variance between the improvement as described in the two petitions; and this was fatal to the validity of the district. *Meehan* v. *Maxwell,* 115 Ark. 594, and *Less* v. *Improvement District No.* 1 *of Hoxie,* 130 Ark. 44.

The decree is sought to be upheld by a special act of the Legislature enacted for the purpose of curing this defect. The special act was passed at the extraordinary session of the Legislature in September, 1919, and was void for the reason given in *Booe* v. *Road Imp. Dist. No.* 4 *of Prairie County, Arkansas, ante* p. 140.

It follows that the decree must be reversed and the cause remanded with directions to grant the prayer of the complaint.