## NELSON v. NELSON.

### Opinion delivered May 29, 1922.

1. MUNICIPAL CORPORATIONS—ORDINANCE CREATING IMPROVEMENT DISTRICT.—An ordinance creating Improvement District No. 2 within a city for the purpose of improving "all of that portion of all of the streets within the corporate limits of said city which run east and west through said city, provision for the paving of which is not made by Paving District No. 1" sufficiently designated the streets and the portions thereof to be improved, since the streets and portions thereof to be paved could be ascertained by reference to the ordinance creating the other district.

2. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—CHARACTER OF IMPROVEMENT.—An ordinance creating an improvement district for improving streets "by draining and grading, or draining, grading, construction of curbing, guttering, paving and necessary storm sewering, or by otherwise improving said streets in such manner as the board of commissioners of said district, to be hereinafter named, may deem substantial, adequate and proper," *held* void for failure to describe the character of the improvement, as required by Crawford & Moses' Dig., § 5652.

Appeal from Mississippi Chancery Court, Chickasawba District; *Archer Wheatley*, Chancellor; affirmed.

*G. E. Keck* and *Little, Buck & Lasley*, for appellants.

The ordinance is valid. It contains the same descriptive language as used in the petition signed by the property owners. By reference to the streets and parts of streets improved under the ordinance creating

paving district No. 1, it definitely locates the streets and parts of streets intended to be improved, and authorizes the commissioners to select the character of material to be used, and to formulate the plans and specification for the work, as they would have the right to do, unless such plans and specifications of the improvement to be made were incorporated in the ordinance. 97 Ark. 338; 90 Ark. 37; 105 Ark. 68; 148 Ark. 246.

*V. G. Holland,* for appellee.

The ordinance is not valid. There is no means whereby a property owner living upon any street described in the ordinance could ascertain whether the street in front of his property would be improved or, if improved, in what manner. The ordinance is too vague and uncertain. 119 Ark. 119; 130 Ark. 44.

WOOD, J. Ordinance 229 of the city of Blytheville, Arkansas, creates Improvement District No. 2 of said city for the purpose, as expressed in the ordinance, of "improving all of that portion of all the streets within the corporate limits of said city which run east and west through said city, provision for the paving of which is not made by Paving District No. 1 of said city; said improving to be done by draining and grading, or draining, grading, construction of curbing, guttering, paving and necessary storm sewering, or by otherwise improving said streets in such manner as the board of commissioners of said district, to be hereinafter named, may deem substantial, adequate and proper; said draining and grading, or draining, grading, construction of curbing, guttering and necessary storm sewering to be done, located and constructed on that portion of said streets provision for the paving of which has not been made by Paving District No. 1, as the commissioners hereinafter appointed may deem for the best interest of the district; and said draining, grading, or draining, grading, construction of curbing, guttering, paving and necessary storm sewering may be done in such manner and constructed of such materials

as the commissioners for said district, to be hereinafter appointed, may deem for the best interest of the said district, the cost of such improvement to be assessed against the real property in said district."

The question presented by this appeal is whether or not the above ordinance is valid. It will be observed that the ordinance creates an improvement district embracing all the real property within the corporate limits of the city of Blytheville for the purpose of improving "all of that portion of all of the streets within the corporate limits of said city which run east and west through said city, provision for the paving of which is not made by Paving District No. 1 of said city."

The above provision is sufficiently definite to designate the streets and the portions thereof which were to be improved, because the ordinance plainly points out the way to ascertain what streets and what portions thereof are to be improved by embracing "all the streets and the portions thereof provision for the paving of which had not been made by Paving District No. 1 of said city." By referring to the ordinance creating Paving District No. 1 and the streets and portions of streets authorized to be paved under that ordinance, it could be easily ascertained what streets and portions of streets running east and west through said city had not been paved or authorized to be paved under that ordinance. After thus creating the district and designating the property to be improved, the ordinance then provides that said streets shall be improved as follows: "By draining and grading, or draining, grading, construction of curbing, guttering, paving, and necessary storm sewering, or by otherwise improving said streets in such manner as the board of commissioners of said district, to be hereinafter named, may deem substantial, adequate and proper."

The language of this latter provision is so vague that it is impossible for the property owners in the district to determine therefrom the character of the im-

provement to be made. The property owner could not determine whether the improvement contemplated was both draining and grading, or whether it was simply draining without grading, or grading without draining; or whether it was simply by curbing without guttering, or guttering without curbing; or whether it was simply by paving; or, in other words, whether it contemplated only one of the methods mentioned, or one or more, or all of them, combined; or by some other method, not mentioned, if the commissioners deemed such method to the best interest of the district. Under the indefinite language used it would be wholly within the discretion and power of the commissioners to adopt any one, or all of the methods designated for improving the streets mentioned; or they could use one or all methods on a portion of the streets, or one or any combination of the different methods mentioned on the remainder.

The statute under which the above ordinance was passed provides as follows: "The council of any city of the first or second class, or any incorporated town, may assess all real property within such city, or within any district thereof, for the purpose of grading or otherwise improving streets and alleys, constructing sewers, or making any local improvement of a public nature in the manner hereinafter set forth." Sec. 5647, C. & M. Digest. This statute conferring power upon the city council to create improvement districts, and other statutes prescribing the method of procedure, clearly contemplate that the ordinance creating the improvement district shall designate, at least in general terms, the nature of the improvement to be undertaken. For instance, if the improvement contemplated is the draining, grading, construction of curbing, guttering and paving of streets, the ordinance should so specify; or, if it contemplates that the streets should be improved in some other manner, the ordinance should so specify. Likewise, if it only contemplates that the streets should be improved by only one method, it should so specify. But if the ordinance be

so framed that the property owners in the district to be created cannot determine therefrom the nature of the improvement contemplated, the ordinance is void because of its vagueness. The property owners cannot, either in their preliminary petition asking for the creation of the district, or in their petition asking for the appointment of commissioners and that the improvement be made, broaden the terms of the statute so as to confer authority upon the city council to create an improvement district, appoint commissioners, and order the improvement to be made, the general nature of which has not been designated. It would be impossible for any property owner to determine form the above ordinance what the nature of the improvement contemplated would be. Any property owner, upon an examination of the ordinance under review, would know that certain designated streets were to be improved, but he would be utterly at a loss to know what the nature and character of the improvement would be.

The word "otherwise" as used in the ordinance is all-comprehensive and would certainly confer upon the commissioners very broad powers; in fact, the power to make any kind of improvement which they might deem substantial, adequate and proper to conserve the best interests of the district. In the language of one of our cases, this ordinance "would clothe the commissioners with a roving commission which would be only controlled by their own discretion." *Cox* v. *Road Imp. Dist. No. 8 of Lonoke County,* 118 Ark. 119-123. The Legislature did not intend by the statute authorizing city councils to create improvement districts and to appoint commissioners to make such improvement, to confer upon the commissioners any such unlimited power.

In *Less* v. *Imp. Dist. No. 1 of Hoxie,* 130 Ark. 44-46, we said: "It is necessary that there should be no uncertainty about the improvement which it is proposed to make." And in *Cox* v. *Imp. Dist., supra,* we said: "It is not contemplated that upon and after the establishment

of the district there shall be any doubt about the improvement to be constructed. Otherwise, property owners might sign the petition under the apprehension that a certain road or street was to be improved, only to learn after the district had been established and the plan approved that they were mistaken or had been deceived. One of the purposes of requiring a petition in writing is to prevent such controversy.''

While the ordinance in this case follows the language of the preliminary petition, the preliminary petition itself is too vague and indefinite to meet the requirements of the statute. If the ordinance creating the district designates in general terms the nature of the improvement contemplated as required by the statute, so that the property owners embraced in the district may be advised thereof, then the ordinance is valid, the commissioners may be appointed and the improvement made upon complying with the other provisions of the statute relating thereto. See secs. 5650, 5652, 5653, C. & M. Digest, and other provisions of the statute applicable to such cases. (Chap. 89, C. & M. Dig., ''Municipal Improvement Districts''). Where the nature and character of the improvement is set forth in the ordinance only in general terms, and the kind of material to be used in making the improvement is not specifically designated, and the property owners have not in their petition for the improvement specifically designated the same, then, to be sure, the commissioners may exercise a wide discretion in determining the kind of material to be used. See *Mc-Donnell* v. *Imp. Dist. No. 45 Little Rock,* 97 Ark. 334-339, and cases there cited.

The appellants rely upon the last case above cited to sustain their contention that the ordinance herein is valid, but in that case the petitions ''specified that the improvement should be made by grading, draining, construction of curbing and paving.'' There was therefore no uncertainty as to the character of the improvement for which the district was organized. The uncertainty

was only in the kind of material to be used, which was left to the discretion of the commissioners. The decision in that case does not sustain the appellants' contention, but on the contrary is, as we take it, authority for the present holding.

The decree of the trial court holding the ordinance void, and granting the appellee relief for which he prayed, is in all things correct, and it is affirmed.