KEMPNER v. SANDERS.

Opinion delivered October 23, 1922.

1.  MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—PRELIMINARY PETITION.—The preliminary petition for a street paving district (under Crawford & Moses' Dig., § 5649) sufficiently described the improvement as "repaving with an asphaltic surface and otherwise improving" the street; the words "and otherwise improving" referring to such work as was incident and essential to making the repavement a successful and complete improvement, and it being enough to describe the improvement in general terms while leaving the details and plans to be worked out by the board of improvement after the district is established.

2.  MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—ORDINANCE.— An ordinance creating a paving district, providing for repaving a certain street and for drainage where necessary "and all other

work necessary and incidental to said paving and draining" does not authorize any work not necessary and incident to the main purpose of the repaving.

Appeal from Pulaski Chancery Court; *J. E. Martineau, Chancellor;* affirmed.

*Abner McGehee,* for appellant.

The preliminary petition should set out with particularity the class of improvement to be undertaken, so that property owners might be fully advised thereof before signing. Otherwise the commissioners would be provided with a commission controlled only by their own discretion. 118 Ark. 119; 241 S. W. (Ark.) 370. There should be no uncertainty about the improvement proposed. 130 Ark. 44.

*S. L. White,* for appellee.

The preliminary petition is not required to state in detail the plans of the improvement. These must of necessity be worked out by the board of improvement after the establishment of the district. 176 S. W. (Ark.) 678; 97 Ark. 339. The purpose of the district is, of course, fixed by the petition and ordinance, and unless therein specifically limited the board may exercise its own discretion in doing those things which are necessarily incident to the construction of the improvement. 105 Ark. 65. The work undertaken was necessary to the permanent improvement desired. The words "and otherwise improving" as used in the petition, could not in any way be construed to constitute a "roving commission" on the part of the board, as was done in the case at 118 Ark. 119, nor could they be said to be too indefinite to advise property owners of what was to be done as was said in the case of *Nelson* v. *Nelson,* 146 Ark. 362, both of which cases are relied upon by appellant.

WOOD, J. Street Improvement District No. 303 of Little Rock was created by the city council on January 24, 1921, under the authority of §§ 5647, 5649 and 5652 of Crawford & Moses' Digest. The preliminary petition for the improvement, after describing the prop-

erty to be embraced in the district, prayed the city council to "take steps for the local improvement by repaving with an asphaltic surface and otherwise improving Main Street from the south curb of Markham Street to the south curb on Eighth Street, and to that end to at once lay off as an improvement district, to be known as Street Improvement District No. 303, the aforesaid property in said city of Little Rock."

The ordinance creating the district provided as follows: "Sec. 1.   That Street Improvement District No. 303 of .the city of Little Rock be and the same is hereby created and established for the purpose of repaving with an asphaltic surface and otherwise improving Main Street from the south curb on. Markham Street to the south curb on Eighth Street; to provide for drainage where necessary, and for the purpose of doing any and all other work necessary and incidental to the said pav-- ing and draining, in accordance with an act of the General Assembly of the State of Arkansas, entitled, 'An act to regulate the manner of assessing real property for local improvements in cities of the first class,' approved March 22, 1881, and amendments thereto." (Here follows a description of the boundaries of the district, embracing all of the real estate as described in. the preliminary petition).

This action was instituted by the appellant.   He set up in his complaint that the appellees were the duly elected and qualified board of improvement for district No. 303, *supra;* that he was the owner of real property, and a taxpayer in the district.   After setting out the provisions of the preliminary petition and the ordinance as above set forth, he alleged "that the board of commissioners contemplated a contract not only for the repaving of Main Street with an asphaltic surface, but also for the removal of the present wood blocks, brick and sand cushion and cleaning the foundation, putting in a special binder course and requiring the contractor to maintain the improvement for a period of five years; also the installation of certain catch-basins, pipes, curb

renewals and radius corners, and putting in steel headers between the street railway tracks and that portion of the street to be paved by the district. That the repaving of the street with an asphaltic surface will cost the district approximately $35,000, but if the board is allowed and permitted to construct the additional improvements above specified, this will cost approximately $10,000 more, which will be an extra burden upon the taxpayers within the district, and which they did not contemplate nor authorize in their preliminary or first petition to the city council.'' The appellant alleged that the ordinance establishing the district as aforesaid was void; that the preliminary petition was too vague and indefinite to meet the requirements of the law. He prayed that the appellees be perpetually enjoined from issuing bonds and proceeding with the work of the improvement, and that the district be declared invalid, and the assessments levied against the property owners be declared null and void.

The appellees, in their answer, admitted that they contemplated making the improvements as set up in the complaint, and admitted that it would cost the sums therein specified. The answer alleged that the additional improvements contemplated, and specified in the complaint, were to cost the sum of $10,000, and were necessary and incidental to the repaving in order to construct the pavement in such workmanlike manner that no repairs would be necessary for five years, the contractor being required to maintain it for that period of time. The answer details the particulars, alleging that it was necessary to put in catch basins in order to protect the asphaltic pavement, and that it was also necessary to remove some old and worn pipes and replace them with new ones; that, in order to lay the new pavement, the curbing will have to be removed and a new curb and new corners built; that the installation of steel headers between the pavement to be laid by the district and the pavement which the street railway company is to lay

at the same time is necessary to protect the pavement of the district against damage by the street railway company whenever its pavement should be removed or opened. The appellees concluded their answer by embodying in it a general demurrer to the appellant's complaint.

The cause was heard upon the complaint, the answer and the demurrers, and certified copies of the preliminary petition and the ordinance above mentioned. The court entered a decree sustaining the demurrer to the complaint and overruling the demurrer to the answer, and dismissing the complaint for want of equity. The appellant stood on his demurrer and appeals.

1. It is first contended by the appellant that the language of the preliminary petition, to-wit: "By re-paving with an asphaltic surface and otherwise improving Main Street from the south curb on Markham Street to the south curb on Eighth Street" is too vague to advise the property owners of the character of the improvement to be undertaken.

We have held in many cases that the preliminary petition is jurisdictional and must meet the requirements of the statute. In *Cox* v. *Road Imp. Dist. No. 8 of Lonoke County,* 118 Ark. 119, where the cases are collated, we said: "There must be no uncertainty about the improvement proposed. The details and plans of the improvement may be worked out by the board of improvement after the establishment of the district petitioned for, but the discretion of the board is limited to carrying out the purpose of the petition. It is not contemplated that, upon and after the establishment of the district, there shall be any doubt about the improvement to be constructed." By the language of the petition the property owners were certainly advised that the local improvement contemplated was the repaving of Main Street in the city of Little Rock, from and to the points designated, with an asphaltic surface. This language is

certainly definite enough to describe the character of the improvement to be undertaken.

But appellant contends that the clause "and otherwise improving" makes the antecedent language uncertain and makes it doubtful as to the kind of improvement contemplated. But, taking the sentence as a whole, we are convinced that it is not susceptible of such interpretation. The meaning and effect of the conjunction "and" was to indicate that the board of improvement could add to and join with the repaving of Main Street such other and further work as was necessary and incident thereto and included in the repaving of Main Street with an asphaltic surface. In other words, the main purpose of the petition was the repaving of Main Street. The words "and otherwise improving" were manifestly added in order to give the board of improvement the power to do whatever was necessary to effectuate the main purpose. Certainly these words cannot be interpreted to clothe the board "with a roving commission controlled only by their own discretion to make any kind of improvement they desired." The only improvement they could make, as we view the petition, was the repaving of Main Street with an asphaltic surface and the doing of such other work in connection therewith as was incident thereto and essential to making the repavement of Main Street a successful and complete improvement, such as was contemplated by the petition.

While, to give the council jurisdiction, it is necessary that the preliminary petition describe with certainty the improvement proposed, yet this may be done in general terms, leaving the details and plans of the improvement to be worked out by the board after the district is established. *Cox* v. *Road Imp. Dist., supra.* See, also, *Board of Improvement* v. *Brun,* 105 Ark. 65; *McDonnell* v. *Imp. Dist.,* 97 Ark. 339. We conclude that the preliminary petition was sufficient.

2. The ordinance, after establishing the district and reciting the improvement to be made precisely as set forth in the preliminary petition, adds this clause: "To provide for drainage where necessary, and for the purpose of doing any and all other work necessary and incidental to the said paving and draining." It follows from what we have already said that the ordinance establishing the district is not void because it authorizes the drainage where necessary, and other work necessary and incidental to the paving. Interpreting the ordinance in connection with the petition, it is manifest that it only contemplates the doing of such drainage and other work as may be necessary to effectuate the main purpose of the ordinance establishing the district, which, as we have said, is to repave Main Street with an asphaltic surface. Construing the ordinance as a whole and giving the words their plain and natural meaning, we conclude that no work is authorized to be done under the ordinance other than that which is necessary and incident to the repaving of Main Street and to make such repavement adequate and durable.

The allegations of the answer, which are admitted by the demurrer, show that the drainage and other work therein specified were necessary and incident to the work of repaving the street. It is alleged that such drainage, and other work specified, would only cost approximately $10,000. The allegations of the answer as to the additional improvements necessary and incident to the work of repaving Main Street, and as to the cost thereof, show that this additional work was not a separate and independent undertaking. It was a part of, and embraced within, the petition for an ordinance creating the district for the repaving of Main Street.

The case of *Nelson* v. *Nelson,* 146 Ark. 362, upon which appellant relies, is wholly unlike this case, because in that case the use of the disjunctive "or" in the ordinance establishing the district left it entirely optional with the commissioners as to whether they would do

draining or grading, or curbing or guttering, or simply paving. "In other words, whether it contemplated only one of the methods mentioned, or one or more, or all of them combined, or by some other method not mentioned, if the commissioners deemed such method to the best interest of the district."

In the present case the conjunction "and" makes it certain that the board of improvement was to repave Main Street and do such drainage and other work as was incident and necessary to the repaving, which additional work is specifically described in the answer and alleged to be necessary and incident to the proper paving of the street as contemplated. Here the allegations of the answer, admitted to be true, make the affirmative showing that it was not practicable to do the work of repaving Main Street in the manner contemplated by the ordinance without also at the same time doing the drainage and other work specified in the answer. *Meyer* v. *Board of Imp. of Paving Dist. No. 3,* 148 Ark. 623-634; *Board of Imp.* v. *Brun, supra.*

The decree is in all things correct, and it is therefore affirmed.