CONWAY *v.* COMMISSIONERS OF BOARD OF IMPROVEMENT
DISTRICT No. 20.

Opinion delivered October 6, 1924.

HIGHWAYS—PLANS FOR IMPROVEMENT—DEFINITENESS.—Plans for the
improvement of certain streets which provide for a brick, asphalt
or other suitable wearing surface laid on a concrete base, and
states definitely the estimated cost of the proposed improvement,
is not so indefinite as to avoid the assessment based thereon.

Appeal from Miller Chancery Court; *C. E. Johnson,*
Chancellor; affirmed.

*H. M. Barney,* for appellant.

The plans for the improvement filed with the city
council do not meet the requirements of the statute, C.
& M. Digest, § 5656. They are too indefinite and uncer-
tain to enable property owners to tell what thickness the
concrete base was to be, or of what material, whether of
brick, asphalt, or, indeed, what other material was to
be laid on such concrete base. Moreover, as to the repair
of defective places, whether that is to be done with brick,
asphalt or gravel. It was therefore impossible for the
commissioners to make a valid assessment of benefits.
154 Ark. 38; 134 Ark. 318. Since no definite plans had
been made, the assessment is invalid and of no effect.

*Henry Moore, Jr.,* for appellee.

1. This district was legally organized under the
general law, C. & M. Digest, §§ 5649 to 5668 inclusive.
Because of the failure of the gravel base, laid under the
original contract, to support the concrete asphalt wear-
ing surface, and at the instance of the commissioners of
the district, act No. 643, Acts 1923, was enacted, to the
end that a proper and suitable pavement might be put
down. Attention is called to §§ 1, 2, 3, 4, and 5 thereof,
and to the fact that this act changes somewhat the pro-
cedure from that prescribed by the general law. It will
be noted that, under the general law, the majority peti-
tion is signed before the assessment is made, and there-
fore before the property owners can tell what amounts
they will be required to pay; but under the special act,

each property owner, in signing the majority petition, knew from the plans filed the character of the paving that would be put down by the commissioners, and also knew the amount of the assessment of benefits against his property for such paving. There is no merit in appellant's contention that the assessment is void for uncertainty in the plans, etc. They were filed pursuant to § 2 of the special act, and the assessors thereupon proceeded to make the assessment of benefits. It has frequently been held that the commissioners, in making plans and carrying them out, are vested with a wide authority and discretion, and need only put in an improvement of the general kind and character petitioned for. 97 Ark. 338; 105 Ark. 69. Appellant contends that this court has held, in 134 Ark. 315, that a *definite* plan should be made. Crawford & Moses' Digest, § 5656, uses only the word "plans" and does not specify how definite same shall be. It is certain that the word "*definite*," as used by the court in above case, means a plan of the general kind and character called for by the original petition, not detailed plans and specifications such as are necessary in letting a contract. See also 155 Ark. 327; 150 Ark. 444.

2. This is an attack upon the assessment of benefits, and the suit not having been brought within 30 days after publication of the ordinance required by statute, C. & M. Digest, § 5668, the action is barred. 150 Ark. 447; 158 Ark. 191.

Smith, J. Street Improvement District No. 20 of the City of Texarkana was organized in 1913. Bonds were sold, the contract was let, and more than one-third of the district paved with the type of pavement called for by the original plans. The pavement originally contracted for was a gravel base with a wearing surface of two-inch concrete asphalt. The war and the litigation detailed in the case of *Burke Construction Co.* v. *Bd. of Improvement of Paving District No. 20,* 161 Ark. 433, affecting this district, delayed the completion of the work, and it developed that the pavement was not suitable for the

city of Texarkana, as the water percolated through and under the gravel base, the gravel broke and raveled away, causing the wearing surface to fail because of the lack of support from the gravel base. Relief was needed, and this was sought to be afforded by the introduction and passage of an act in the General Assembly of 1923, which became Act 643. Special Acts 1923, p. 1574.

Section 1 of this act authorizes changes to be made in the plans theretofore adopted.

Section 2 requires that any change or alteration of the plans be filed with the city council of Texarkana, and that, when so filed, the assessors of the district must readjust and revise the assessment of benefits in accordance with the changed plans.

Section 3 authorizes the district to borrow money to the extent of the cost of the improvements.

Section 4 requires that a petition of the majority in value of the property owners must consent to the revised and readjusted assessments of benefits before the same shall become effective, if the revised assessments exceed twenty per cent. of the assessed value of the real property in the district for the year 1913.

Section 5 requires publication of notice of the meeting of the council to ascertain if a majority in value of the property owners have petitioned for the improvement, and provides a limitation of thirty days on the time for instituting suit to question the finding of the council.

Appellant is the owner of property in the district, and filed a bill in the chancery court questioning the validity of the assessments made against his own and the other property in the district. The ground of his attack is that the proposed amended plans were void because they were not sufficiently definite and certain to form the basis of an assessment and to advise the property owners of the improvement to be made.

The commissioners made the report to the council contemplated by act 643 of the Acts of 1923. This report named the streets to be paved, and gave the width of the proposed pavement, and, after doing so, concluded with

this statement: ''The pavement to be put down on the streets above described will be brick, asphalt, or other suitable wearing surface, laid on a concrete base. On streets in the district not described above, and already improved, the defective places are to be relaid and streets put in condition, using materials suitable to the type of pavement already in place.''

The report gave the estimated cost of the proposed improvement at $302,838.25.

After the coming in of this report the assessors made the revised assessment, and the property owners thereafter petitioned that the improvement be made.

A demurrer to appellant's complaint was filed and sustained, and this appeal raises the question whether the assessment of benefits is void on account of the indefiniteness of the plans.

Appellant insists that the entire assessment was void, and in support of his contention relies chiefly on the cases of *Nelson* v. *Nelson,* 154 Ark. 36, and *Mo. Pac. Rd. Co.* v. *Waterworks Imp. Dist.,* 134 Ark. 315.

The last mentioned case was one in which no plans for the proposed improvement—a waterworks system— had been prepared, and we held that the city council was without authority to appoint a board of assessors until the board of improvement had made definite plans and had ascertained the cost of the improvement according to the plans.

In the other case, that of *Nelson* v. *Nelson,* the ordinance creating the improvement district was held void because the petition therefor was so vague that it was impossible for the property owners in the district to determine from the petition the character of the improvement to be made. It was there said: ''The property owner could not determine whether the improvement contemplated was both draining and grading, or whether it was simply draining without grading, or grading without draining; or whether it was simply by curbing without guttering, or guttering without curbing; or whether it was simply by paving; or, in other words, whether it

contemplated only one of the methods mentioned, or one or more, or all of them, combined; or by some other method, not mentioned, if the commissioners deemed such method to the best interest of the district.''

In the case of *Kempner* v. *Sanders*, 155 Ark. 321, the case of *Nelson* v. *Nelson, supra,* was cited as authority for holding void the assessments there attacked. We declined to so hold, and, in reviewing and distinguishing the Nelson case, it was pointed out that, in the Nelson case, ''the ordinance establishing the district left it entirely optional with the commissioners as to whether they would do draining or grading, or curbing or guttering, or simply paving. 'In other words, whether it contemplated only one of the methods mentioned, or one or more, or all of them combined, or, by some other method not mentioned, if the commissioners deemed such method to be the best interest of the district.''

We think there was no such uncertainty or indefiniteness here as existed in the cases cited.

The defective places which had developed in the pavement were to be repaired with a suitable material, the character of which was not specified; but this was mere repair work. The new work was to be put down on the designated streets and was to be brick, asphalt, or other suitable wearing surface, to be laid on a concrete base. These plans and the petition of the property owners based thereon did leave the character of the surface to the determination of the commissioners; but this discretion did not materially affect the cost of the improvement, which was definitely stated.

We think these plans were not rendered void for uncertainty because this discretion was conferred on the commissioners, and the case is controlled by the doctrine of the case of *McDonnell* v. *Imp. Dist. No. 145, Little Rock,* 97 Ark. 334. There the petition specified that the improvement should be made ''by grading, draining, construction of curbing and paving, and that the paving be done by construction of macadam, bitulithic, wooden blocks, brick, or asphaltum pavements, as the commissioners of

said district to be hereinafter appointed may select as being most substantial and economical for the benefit of the district, and that the curbing be built of such material as the commissioners hereinafter appointed may determine.''

In holding that specification sufficient we said: ''The statute, it will be observed, does not require a specification in the petitions of the kind of material to be used. All that is required is that the nature of the improvement be specified in general terms, so that the purpose of the organization may be set forth in the proceedings. Much must, of course, be left to the discretion of the commissioners in forming the plans for the improvement and making the estimates of the cost thereof. *Fitzgerald* v. *Walker,* 55 Ark. 148; *Boles* v. *Kelly,* 90 Ark. 37.

''The property owners may undoubtedly limit the powers of the commissioners in that respect by specifying with particularity the kind of material to be used and the cost of the improvement. *Watkins* v. *Griffith,* 59 Ark. 359. But when the petition of the property owners describes the character of the improvement only in general terms, or expressly leaves to the commissioners the decision as to what kind of material shall be used, the validity of the organization is not impaired thereby, and the commissioners may exercise the discretion thus left to them. Decisions in other States under different statutes are of no force here as precedents. The question must be determined in the light of the statutes on the subject.''

The commissioners here were vested with a wide discretion, but it was not so wide as to constitute the roving commission to do as they please, which we have said, in cases cited and in other cases, could not be conferred. *Bd. of Imp.* v. *Brun,* 105 Ark. 65; *Baird* v. *Street Paving Imp. Dist. No. 1,* 148 Ark. 246.

We conclude therefore that the proposed plans were not so indefinite as to invalidate the assessment of benefits, and the demurrer was properly sustained. Decree affirmed.