CALICO v. HUNTSVILLE PAVING IMPROVEMENT
DISTRICT No. ONE.

4-8973                                        221 S. W. 2d 769

Opinion delivered June 27, 1949.

*Frank S. Rice,* for appellant.

*Charles W. Ivie,* for appellee.

GEORGE ROSE SMITH, J. This is a taxpayer's action to enjoin the appellee paving district from proceeding with the work for which it was organized. Appellant pleaded a number of defects in the organization of the district, but only one need be discussed.

The petition, signed by the owners of two-thirds in value of the real property in the district, recites that the district is to pave "approximately eight miles of streets within the City of Huntsville." The notice published by the city clerk describes the improvement as the paving of all streets within the city; the ordinance states that the district is to pave "all streets possible with asphalt paving." It is stipulated that there are 8.6 miles of unpaved streets in Huntsville, all of which appellee proposes to pave.

We think the petition so indefinite as to be fatal to the validity of the district. While the details of construction may be left to the judgment of the commission-

ers, it is essential that the petition describe with certainty the improvement proposed. The landowners, not the commissioners or the city council, must decide what streets are to be paved. *Less* v. *Improvement Dist. No. 1 of Hoxie,* 130 Ark. 44, 196 S. W. 464. Here the commissioners were directed by the petition to improve approximately eight miles of streets. The district insists that the improvement of 8.6 miles substantially complies with the petition, but that fact does not meet the objection. It could equally well be said that paving exactly eight miles would be substantial compliance, leaving the commissioners to determine which fraction of a mile should remain unpaved. Thus it is clear that this jurisdictional allegation of the petition is not sufficiently definite to point out the improvement proposed.

Reversed.