Monroe *v.* Culpepper.

4-9404                                                         233 S. W. 2d 245

Opinion delivered October 23, 1950.

*Wendell Utley,* for appellant.

*Henry B. Whitley,* for appellee.

DUNAWAY, J. Appellant Monroe filed this suit in the Columbia Chancery Court against appellees, as commissioners of Street Improvement District No. 9 of the City of Magnolia, Arkansas. Validity of the ordinance creating the District was challenged on two grounds: (1) The description of the boundaries of the district was fatally defective. (2) The directions to the commissioners as to the improvements to be made were so indefinite as to "clothe the commissioners with a roving commission which would be controlled only by their own discretion," in violation of the rule laid down in *Cox* v. *Road Imp. Dist. No. 8 of Lonoke County,* 118 Ark. 119, 176 S. W. 676.

The cause was submitted upon the pleadings and an agreed statement of facts; and the complaint was dismissed for want of equity. Monroe has appealed.

The first question presented has to do with the adequacy of certain descriptions used in de-limiting the boundaries of the district. In a series of more than fifty calls, referring to various streets and lots in the City of Magnolia, there were references to lots in "Blewster-Bennett Addition", "Clayton Addition" and "Smith and Buffington Addition", when in fact there are no such additions in the City of Magnolia. The correct descriptions of the properties in question are respectively, "Bennett-Blewster Addition", "Clayton Subdivision", and "Buffington and Smith Addition".

A map showing the boundary lines of District No. 9, prepared by Max A. Mehlburger, Consulting Engineer, was attached as an exhibit to the complaint in this action, and is admitted to be an accurate representation of said boundaries. Since it is admitted that there are no other additions or subdivisions in Magnolia with names similar to the ones here in question, and it was stipulated that the engineer's map, prepared from the descriptions con-

tained in the ordinance, accurately represents the boundary lines on the ground, no property owner could have been misled as to the property included in the district by the descriptions used in the ordinance.

One additional call in the description is attacked on the ground that it is indefinite. The ordinance provides that the boundary line shall go from a given corner of a definitely described lot, "thence in a westerly direction parallel with, and on the same degree, as East Smith Street to the East Line of North Jackson Street", and thence along the East Line of North Jackson Street to another designated point. The quoted description is challenged as being indefinite. The map shows this line is laid out by the engineer; and the engineer, Mehlburger, testified (as stipulated) that the line was determined by establishing the distance from the north line of East Smith Street to the corner of the lot which was the beginning point, and measuring like distances at various points along East Smith Street to the intersection of East Smith Street and the east line of North Jackson Street. We think the challenged description called for a clearly ascertainable boundary line.

Appellant's second contention is that the ordinance delegated to the commissioners a "roving commission" to make whatever improvements they chose. This argument is based on the following language in the ordinance:

"Section 1. There is hereby established an improvement district embracing the following porperty . . . (description given), for the purpose of paving the following streets within the district, to-wit: (a number of streets are named and the points on each are designated where the paving is to begin and end) . . . *with such turnouts, side and connecting streets within the district* as the Commissioners may deem for the best interest of the district to protect the proposed improvement . . .".

It is argued that the italicized language authorizes the paving of turnouts as well as side and connecting streets anywhere in the district that the commissioners may deem necessary. If this be the proper construction

of the ordinance, it would certainly be void under our decisions in *Cox* v. *Road Improvement Dist. No. 8 of Lonoke County, supra;* and *Nelson* v. *Nelson,* 154 Ark. 36, 241 S. W. 370.

Appellees contend, however, as set out in their answer, that the quoted language of the ordinance reads as it does through clerical error; and that it should be construed as it was intended to read: "with such turnouts *to* side and connecting streets within the district as the Commissioners may deem for the best interest of the district to protect the proposed improvement . . .". Appellees argue that the exact extent and type of construction of the turnouts into side streets which might be necessary to protect the named streets which were to be paved, could not be determined in advance; and that such construction would be a mere detail in furtherance of the main paving project which was set out in detail in the ordinance.

Appellees rely upon the case of *Kempner* v. *Sanders,* 155 Ark. 321, 244 S. W. 356, to sustain the validity of the ordinance, if construed in accordance with their contention. That case involved an ordinance which provided "that Street Improvement District No. 303 of the City of Little Rock be and the same is hereby created and established for the purpose of repaving with an asphaltic surface and otherwise improving Main Street . . .; to provide for drainage where necessary, and for the purpose of doing any and all work necessary and incidental to the said paving and draining, . . .". In answer to a contention there made, similar to that urged in the case at bar, we said:

"But appellant contends that the clause 'and otherwise improving' makes the antecedent language uncertain and makes it doubtful as to the kind of improvement contemplated. But, taking the sentence as a whole, we are convinced that it is not susceptible of such interpretation. The meaning and effect of the conjunction 'and' was to indicate that the board of improvement could add to and join with the repaving of Main Street such other and further work as was necessary and incident thereto

and included in the repaving of Main Street with an asphaltic surface. In other words, the main purpose of the petition was the repaving of Main Street. The words 'and otherwise improving' were manifestly added in order to give the board of improvement the power to do whatever was necessary to effectuate the main purpose. Certainly these words cannot be interpreted to clothe the board 'with a roving commission controlled only by their own discretion to make any kind of improvement they desired.' The only improvement they could make, as we view the petition, was the repaving of Main Street with an asphaltic surface and the doing of such other work in connection therewith as was incident thereto and essential to making the repavement of Main street a successful and complete improvement, such as was contemplated by the petition.

"While, to give the council jurisdiction, it is necessary that the preliminary petition describe with certainty the improvement proposed, yet this may be done in general terms, leaving the details and plans of the improvement to be worked out by the board after the district is established."

We think the reasoning in the *Kempner* case is applicable in the instant case, and hold that the construction of the ordinance urged by appellees is correct. From a consideration of the entire ordinance it is clear that the omission of the word "to" was a clerical misprision and should be read into the ordinance. See, *Roscoe* v. *Water & Sewer Imp. Dist.*, 216 Ark. 109, 224 S. W. 2d, 356. The District may contract for the construction of such turnouts into side or connecting streets, which enter the streets designated for paving as may be necessary to effectuate the main paving project. The District has no authority under the ordinance here questioned for paving streets other than those specifically designated in said ordinance.

The decree is affirmed.

McFADDIN, J., dissents.